## SAMUEL C. HARDING *v.* TURNER COWING AND H. E. REANARD.

JUDGMENT BY DEFAULT ON GOLD COIN NOTE.—In an action upon a note payable in gold coin, if the defendant suffers a default, the Clerk may enter a judgment against him payable in gold coin.

A JUDGMENT FIXED BY LAW.—When the law declares what the judgment shall be, a judgment entered on default is not the judgment of the Clerk.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The defendants appealed from the judgment.
The other facts are stated in the opinion of the Court.

*Bennett, Cook & Clarke*, for Appellants.

The Clerk has no power under the statute to enter a *gold coin judgment*. He has no authority to do more than is

expressly conferred upon him by statue. (See *Wallace* v. *Eldridge*, 27 Cal. 498.)

It requires the *judgment* of the Court to decide whether the plaintiff was entitled to a *gold coin judgment.*

There was a fact to be determined which required the interpretation of the contract and its character. This the Clerk could not do.

Section one hundred and fifty of the Practice Act " empowers the Clerk to enter judgment for the amount specified in the summons, including the costs;" but it goes no further than this. It does not constitute the Clerk a Court to determine any question which requires or may require judicial action, and the question whether a contract is payable in gold coin or not, may be, in certain cases, a question of very great doubt and difficulty, and requiring wise judicial discrimination.

*E. W. F. Sloan*, for Respondent.

The whole proceeding is in strict accordance with the requirements of the statute, *vide* Practice Act, §§ 26, 150, and 200, as amended in 1863. (Statutes of 1863, p. 687.)

In *Wallace* v. *Eldridge*, 27 Cal. 498, it did not appear from the facts stated in the complaint that the money mentioned in the contracts sued on was payable in a specified kind of money or currency, hence the judgment as there entered in the District Court was not the judgment of law. But here the complaint does show that the contract is payable in gold coin, and, consequently, the judgment as entered up conforms strictly to the provisions of section two hundred, and is the judgment of law.

By the Court, SHAFTER, J.

This is an action upon a note payable in gold coin of the United States. The defendants were duly served, and on failure to answer, defaults were duly taken, and a judgment for the recovery of one thousand two hundred and twenty

dollars in gold coin, with interest thereon, was thereafter entered against them by the Clerk. The question is, whether the Clerk, as such, had power to enter the judgment without judicial direction.

The action was brought for the recovery of " money only "—(Practice Act, sec. 150,)—for a particular kind of money, but still a recovery of nothing but money was sought, and that fully liquidated in amount. The default admitted the facts stated in the complaint. Thereafter, no question could have been raised except by motion to set aside the default, or, perhaps on motion in arrest. No such motion was made, and every point within the purview of a motion in arrest, is within the purview of this appeal. The plaintiff was entitled to a judgment for gold coin, and the statute pronounced the judgment of the law arising upon the facts stated in the complaint. As was held in *Wallace* v. *Eldridge*, 27 Cal. 498, " the Clerk adjudged nothing ; he was merely the hand that entered the judgment of the law." The relief was *sub modo* special, but still " the action was for money only ;" and the relief provided for in the judgment is the relief dictated, identically, by the law. The judgment is in no just sense the judgment of the Clerk. His head did not conceive it ; it was merely written out by his hand.

Judgment affirmed.