RATAREE *vs.* THE STATE OF GEORGIA.

1. That an accusation in a city court charged the defendant with an assault, without specifying any act or acts constituting the same, is not good ground of arresting judgment.
2. That the charge was of an assault shows jurisdiction in a court competent to try crimes less than felonies.

Criminal law. Jurisdiction. Courts. Before Judge CLARK. City Court of Atlanta. June Term, 1878.

Reported in the decision.

S. B. SPENCER, for plaintiff in error, cited 24 *Ga.*, 420; 46 *Ib.*, 324; 36 *Ib.*, 447; Code, §§4712, 4386; 26 *Ga.*, 493.

HOWARD VAN EPPS, city solicitor, for the state, cited 2 Bish. Cr. Prac., §§55, 56; Hopkins' Penal Code, §1504, and cases cited.

WARNER, Chief Justice,

The defendant was tried in the city court of Atlanta upon a

written accusation for an "assault" upon the person of Alva Moore, without the intervention of a jury, and was found guilty by the court, and sentenced to pay a fine of $200.00, or six months imprisonment. The defendant made a motion in arrest of judgment on the following grounds, to-wit: Because the accusation on which the defendant was arraigned and tried is wholly insufficient in law, the said accusation charging simply an "assault," without specifying any act or acts constituting said assault, or without even intimating in what that assault consisted. Second, because said accusation, on account of said uncertainty, fails to disclose whether or not the said city court had, or could have, jurisdiction in said case; no specific act being alleged, neither the defendant nor the court could know the character or grade of the assault until disclosed by the evidence, it being a matter of uncertainty whether it would establish a felony or a misdemeanor. To these grounds of motion in arrest of judgment, the counsel for the state demurred, the court sustained the demurrer, and overruled the defendant's motion in arrest of judgment. Whereupon the defendant excepted.

1. Whether the objection would have been good on a special demurrer to the indictment or accusation, before trial, we express no opinion, but we are all clear that the objection urged is not good when made in arrest of judgment, and that is the only question presented by the record for our decision in this case.

2. The defendant is charged with an assault only, and could not, under the law, be punished for any higher offense than a *bare* assault, for the simple reason that no intention to commit any other or higher offense is alleged in the indictment. The defendant being charged with the offense of an assault only, the legal presumption is, after verdict or judgment of the court, that the evidence showed at the trial that the defendant attempted to commit a violent injury upon the person of the prosecutor, inasmuch as the evidence in the case is not before us for our consideration.

Let the judgment of the court below be affirmed.