[No. 20,037.   Department One.—December 19, 1884.]

## EX PARTE J. K. FINLEY, ON HABEAS CORPUS.

HABEAS CORPUS—FORGERY—UTTERING FORGED INSTRUMENT—INTENT—INFOR-
    MATION.—An information sufficiently charges a crime, under section 470
    of the Penal Code, when it alleges that the defendant uttered a forged in-
    strument with intent to defraud, knowing it to be forged.  It is not neces
    sary to aver that there was an intent to defraud in the making of the writ-
    ing alleged to have been forged.

ID.—SUBJECT OF FORGERY—COPY OF DECREE OF DIVORCE—INFORMATION.—A
    certified copy of a decree of divorce, with court seal attached, is a thing
    capable of being forged ; and in a criminal prosecution for uttering such
    forged writing, the information need not aver that the parties to the divorce
    proceedings were ever married.  The writing shows on its face that it may
    have been used to consummate a fraud, and that is sufficient.

APPLICATION for a writ of *habeas corpus.*

The defendant had been convicted of the crime of uttering a
forged writing—a certified copy of a decree of divorce.

The facts are stated in the opinion of the court.

*C. B. Darwin,* for Petitioner.

*J. D. Sullivan,* for Respondent.

The COURT.—It is contended by petitioner that the informa-
tion charges no crime, because it avers no intent to defraud in
the making of the writing alleged to be forged.   But if this
omission be conceded, the instrument set out in the information
is alleged to be a forged one, and the petitioner is charged with
uttering it, knowing it to be forged, and with the intent to de-
fraud George Wager.   If the felonious intent was formed after
the writing and seal were simulated, the offense of uttering it
was complete if the intent existed when it was uttered.   The
suggestion is that it is no offense to utter or pass a writing not
forged, and that a writing is not to be treated as forged, in the
technical sense, unless the information avers that it was made
with intent to defraud.   We think, however, the statute (Penal
Code, § 470) provides for the case of one who shall utter (with
intent to defraud) a writing—such as car be the subject of for-
gery—not genuine, but purporting to be genuine, even though
there was no intent to defraud when the writing was fabricated.

It is further contended that a copy of a judgment certified

by the clerk, and attested by the seal of the court, is not a forg-
able thing.   The writing recited in the information purports to
be in the hand of the clerk, and to have attached to it the seal
of the court.   The charge is of a forgery of the seal and hand-
writing of others, and the uttering is of a thing which may be
forged.   It is said, moreover, that even if a certified copy of a
decree of divorce, with court seal attached, is a thing capable
of being forged, it is not a thing which can be assumed to have
been forged or uttered with fraudulent intent, since no fraud
can result from the passing or transfer of it, unless there exist,
independent of the forged writing, a fact which must be alleged
and proved, to wit, the fact that the persons declared by the
decree to be divorced were ever married.   It is claimed the
case is one of a class in which it is necessary to allege the fact
which alone shows that a fraud could have been committed by
the uttering of the alleged forged writing; that there is no in-
herent quality in a copy of a decree of divorce, which makes it
a fraud to utter a forgery of it.

In *People* v. *Tomlinson*, 35 Cal. 503, relied on by the petitioner,
the contract set out in the indictment was void, no consideration
being expressed and no mutuality appearing.   The court declared
the rule to be well settled, that no case is made if the indictment
merely sets out an instrument, a nullity on its face, without any
averment that it can be made to act injuriously or fraudulently,
by reason of matter *aliunde*.   The court said the cases cited
established the doctrine "that, to constitute forgery, the forged
instrument must be one which, if genuine, *may* injure another."
"The indictment must show that the instrument in question can
be made available in law to work the intended fraud or injury."
(Id.) This language, read with the context, is not to the effect that
there must be an averment of extrinsic facts, if the instrument
recited shows on its face that it might be the means of fraud.
The doctrine which meets our approval is laid down in *Com.* v.
*Hinds,* 101 Mass. 211: " If the *fraudulent character* of the
forged instrument is not manifest on its face, this deficiency
should be supplied by such averments as to extrinsic matter as
would enable the court judicially to see that it has such a ten-
dency."   The rule does not require that the indictment or in-
formation shall contain an express allegation of the existence of

every fact, the existence of which is assumed in the forged writing. It is enough if the writing is one which, if genuine, " might apparently be of legal efficacy." (2 Bish. Crim. Law, § 572.) Where the writing is declarative of pecuniary liability, the act may be forgery, though the person purporting to become liable is a mere fictitious name. (Id. and cases cited.)

In the case at bar, it is not necessary to hold that the recitals in a decree of divorce, set out in the information, are the equivalent of an express averment that the parties to the divorce were married. We hold that the marriage need not be averred. They may have been married, and on its face the writing shows that it may have been used to consummate a fraud. The petitioner is remanded.