## MULLEN ET AL. V. WINE.

1. Where an action of forcible entry and detainer has been so altered, by striking out a part of the complaint, as to resolve it into an action for possession and damages, and the appellee obtained, and is maintaining, a decree obtained in the latter form, he cannot object that, being originally framed as an action of forcible entry and detainer, the court has no jurisdiction on appeal.

2. Judgment by default, without a rule to answer, should not be entered against a defendant, where a motion to strike out a portion of the complaint has been allowed.

3. Where the character of the action has been changed by striking out some portion of the complaint, there should be an actual amendment of the complaint in accordance with the provisions of section 58 of the code.

4. As a matter of good practice, an order to strike out should specify particularly and correctly the matter to be stricken from the pleading.

*Appeal from County Court, Gunnison County.*

THE facts are stated in the opinion.

Messrs. THOMAS, McDOUGAL and THOMAS, for appellants.

Mr. J. F. FRANKEY, for appellee.

ELBERT, J. 1. It is objected by counsel for appellee that this is an action of forcible entry and detainer, and that no appeal lies from the county court to this court, under the forcible entry and detainer act. Gen. St. 501. A perusal of the complaint leads to the belief that the pleader intended to state a case of forcible entry and detainer, but the court below treated the action as *admittedly* under chapter 23 of the code, entitled " Actions for Possession and Damages." If the plaintiff insisted upon his action of forcible entry and detainer, we see no *legal* reason for the ruling of the court sustaining the motion to strike from the complaint the words " with force and arms," and the words " forcibly " and " forcible." The plaintiff, however, is not here questioning this ruling, but insisting upon a judgment rendered upon his complaint as it stood after the ruling was made. The effect of striking out the words specified was to destroy whatever pretensions the complaint had as a complaint of forcible entry and detainer, and to leave the action one for " possession and damages," under the chapter named. This is the action which the plaintiff prosecuted to final judgment. The subsequent proceedings show a trial under this chapter. The trial is to the court, and the findings and judgment are in accordance with the provisions of section 273, and a " special execution in the nature of a writ of possession " is awarded, in accordance with the provisions of section 275, Amended Code, 86. Neither the complaint nor the findings support a judgment of

forcible entry and detainer.   The objection must be overruled.

2. After the motion of the defendant to strike out was sustained, judgment by default was entered against him without a rule upon him to answer.   This was error. Both the demurrer and the motion to strike out prevented a default, under the provisions of chapter 10 of the code.   The demurrer was overruled, but the motion to strike out was subsequently entertained and allowed. We find no provision of the code authorizing a judgment by default, under such circumstances, in the absence of a rule to answer.   We think the defendant should be regarded as standing in the same position as though he had successfully attacked the complaint by demurrer. Even if the order of the court and the circumstances of the case required no formal amendment of the complaint, the necessity for a rule to answer would remain the same.

3. The code makes no provision for the amendment of a pleading where some portion of it, or certain words contained in it, are stricken out on motion.   In many cases the effect of such an order would be to reform the pleadings without more.   But in this case, as the character of the action was changed, we are of the opinion that there should have been an actual amendment to the complaint, in accordance with the provisions of section 58 of the code.

4. The order specifies imperfectly the words to be stricken out, and counsel were remiss in not seeing to it that it was properly entered.   The intention of the court, however, is reasonably plain.   The motion specifies the objectionable words, and the line and page where they occur.   This motion was " sustained," and the words " force, and force of arms," "described in said motion," were ordered stricken out.   This was substantially an order of the court to strike from the complaint the words "described in said motion;" and as the motion was specific, the pleader would have found no difficulty

in complying with the order.   As a matter of good prac-
tice, however, such an order should specify particularly
and correctly the matter to be stricken from the plead-
ing.   Judgment reversed.

*Reversed.*