WATSON *vs*. THE STATE OF GEORGIA.

1. The act of 25th December, 1883, enacting "that if any person shall sell, lease, rent or otherwise convey to another any lot or parcel of land or the timber thereon, the title of which is forged or the grant or any deed or conveyance thereof is forged, knowing the same to be forged, . . . shall be guilty of a felony," etc., is very broad, and the strict pleading in forgery is not required by this statute, but the indictment is sufficient if it describes substantially the title alleged to be forged; and a demurrer that it is not set out *in hæc verba*, is not good; nor is a demurrer that it does not allege that the acts of defendant were done with intent to defraud or injure any one, the statute not requiring such allegation.

2. Objection to the admission in evidence of the plat and grant, and the deeds " on the ground that they were not set out or described in the indictment," is not good so far as the objection rests on their not being set out, and so far as they are alleged as not described; it is not good because it is not specified which is not described, or wherein any or all are not described.

3. The charge, "that if a party has a forged instrument and passes it and utters it, the presumption of law is that he does it with a knowledge of the fact that it is a forgery; still, gentlemen, that is a presumption subject to be rebutted by proof or the facts and circumstances of the case, and while it is a presumption on the one hand, it would be subject to be rebutted by the evidence or the facts and circumstances of the case; after all, it would be for you to say what the truth of the matter is ;" taken all together and read in the light of the entire charge and all the facts of the case, if too broad in a single item, is not such error as requires a new trial, especially as the part of it objected to is not specified in the ground of the motion on which alone error is assigned.

4. Nor, read with the entire charge and in the light of the fact that

deeds from 1836 up to a recent date all purported to have been attested by justices of the peace in Bibb county, was it error to charge as follows: "I will state that when the State puts before you a certificate from the executive department, if they have done so, showing who were in office in the county of Bibb when the deeds purported to have been made at the date of these several deeds, showing no such officers or justices of the peace were in commission or in office in that county at the time of the date of the deeds, if it does show that, that raises a *prima facie* presumption that the deeds are forgeries. That makes out such a case as would cast the burden on the other side, so far as the question of forgery is concerned."

5. The evidence is overwhelming against the plaintiff in error, if it does not imperatively demand the verdict.

Judgment affirmed. (Head-notes by the court.)

December 7, 1886.

JACKSON, Chief Justice.

[James and Worth Watson were indicted for selling and conveying to one Whitmire lot of land number 828, in the 14th district and first section of Forsyth county, the grant to which was forged, and certain deeds forming a part of the title to which were also forged. They were described by the place where they purported to have been executed, their dates, the lot conveyed, the grantor, the grantee and the names of the attesting witnesses. It was charged that the defendants knew that such title papers were forged.

The defendants demurred to the indictment on the following grounds:

(1) The indictment nowhere sets forth the papers alleged to be forged, nor does it contain any reason or excuse for not doing so.

(2) It nowhere alleges that the acts of the defendants were done with intent to defraud or injure any one.

(3) The proviso in the statute under which the defendants are indicted is not negatived, nor is there any allusion to the same in the indictment.

The demurrer was overruled. The evidence was con-

flicting. That on behalf of the State tended to show that the defendants took a grant for another lot of land, scratched the figures giving its number and altered it so as to make it appear a grant to lot 828; that both took part in the proceeding, Worth Watson doing the writing; that they prepared other deeds purporting to constitute a chain of title to the lot and manipulated them so as to give an old appearance to the paper; and that subsequently James Watson conveyed the lot to Whitmire.

The jury found James Watson guilty and Worth not guilty. The former moved for a new trial, which was refused, and he excepted. The grounds of error assigned are sufficiently stated in the head-notes.]