## TRAVIS *v.* THE STATE OF GEORGIA.

Under section 4451 of the code, the forging of any writing not otherwise provided for, with intent to defraud any person or persons, is made penal, and it need not appear on the face of the indictment in what manner or by what means the consummation of fraud would be possible. It is enough if the writing might defraud, or might be used to defraud. At least this is so where the indictment is not demurred to, and the question arises upon a motion in arrest of judgment.

July 8, 1889.

Criminal law. Indictment. Practice. Motion in arrest of judgment. Before Judge BOWER. Decatur superior court. May term, 1888.

The indictment against Travis charged him with forgery, "for that the said Tom Travis, in the county aforesaid" (Decatur county), "on the first day of Au-

gust, in the year of our Lord, 1887, with force and arms, did wrongfully and fraudulently make, sign and forge the following writing, to wit.:

'Savannah, Florida & Western Railway. July, 1887. Mr. A. A. Anerleahe, C. R. There is due John Banister, engaged as track-hand on Sect. No. 31½ in the month of July as per check roll.

H. D. Haywood, Foreman Sect. No. 31½.

'This certificate is not transferable.'

"With intent to defraud one John Bannister, and the Savannah, Florida & Western Railway Company, contrary to the laws of said State," etc.

Travis was found guilty, and at the same term moved in arrest of judgment on the following grounds :

(1) Because there is no allegation in the indictment of the forgery of any paper by which any person could be defrauded.

(2) Because it is not alleged that said writing is of any value, nor does it appear from the allegations in the indictment that it is of any value.

(3) Because it would require the aid of another paper, to wit, the check roll, to enable the court to determine whether or not the writing was of any value, and whether or not any one could be defrauded by the paper.

(4) Because there is no allegation in the indictment that A. A. Anerleahe has any connection with the Savannah, Florida & Western Railway, or that he has any authority to pay such papers, or any other papers for said railway, or that there is such a person.

(5) Because there is no allegation in the indictment that H. D. Haywood is foreman of Section No. 31½, nor that he has authority to draw such papers, nor that he has any connection whatever with said railway, nor that there is such a person.

(6) Because there is no allegation in the indictment what railroad John Bannister was engaged upon, nor who is due John Bannister anything, nor what year the July mentioned in said writing was, nor that there is such a person.

(7) Because there is no allegation in the indictment that Section No. 31½ belongs to the Savannah, Florida & Western Railway, or that it had any control over said section, or that John Bannister was ever engaged as a track-hand on said section.

(8) Because there is no allegation in the indictment that the Savannah, Florida & Western Railway Company was indebted to John Bannister in any amount whatever, or that any other person was so indebted to him.

(9) Because there is no allegation in the indictment that said railway company is a corporation or a simple partnership.

(10) Because, if the paper alleged in the indictment had been signed by Haywood and the representations therein had been untrue, Haywood would not have been liable to the Savannah Florida & Western Railway Company or to A. A. Anerleahe, C— R—, because said paper could not have been paid without reference to the check roll, which would have shown the falsity of the representation in the paper contained, and thereby rendered it impossible to have defrauded either the company or Anerleahe.

(11) Because said railway company could not have been defrauded by the paper; it was not addressed to said company, nor to any one connected with it; so far as the allegations show; and if Anerleahe had paid it, he would have been responsible to the company therefor, provided he had been authorized to pay genuine papers of that character.

(12) Because John Bannister could not have been defrauded even if it had been paid, because the company would have still been liable to him for the money, provided they owed him anything.

(13) Because A. A. Anerleahe is the only person mentioned in the paper, alleged to have been forged, who could have been defrauded, and there is no allega-

tion in the indictment of any intention to defraud him.

(14) Because the paper, alleged to have been forged, is void without the aid of extrinsic facts to support it, and no one could be defrauded thereby, and the extrinsic facts necessary to support it are not alleged in the indictment, and therefore no harm could have come to any person because of that paper; no suit could have been maintained by John Bannister upon the paper, without the averment and proof of extrinsic facts to support; therefore the paper upon its face is utterly harmless, being not positive but conditional only.

(15) Because the allegations in the indictment are so vague, uncertain and indefinite that no legal judgment could be rendered thereon.

The motion was overruled, and defendant excepted.

DONALSON & HAWES and D. A. RUSSELL, by HARRISON & PEEPLES, for plaintiff in error.

W. N. SPENCE, solicitor-general, by brief, for the State.

BLECKLEY, Chief Justice.

In strong contrast to the length and verbosity of the motion in arrest of judgment, which is expanded into fifteen grounds (see the official report prefixed to this opinion), is the brief of counsel for the plaintiff in error, which is as follows:

"This prosecution can only be sustained, if at all, under section 4451 of the code. Under that section, an intent to defraud must be alleged.. If the alleged intention appears from the forged instrument to be impossible of execution, the indictment is defective, and the defect is not merely formal; it affects the real merits of the offence. Code, §4629."

The brief is correct in the suggestion that the indictment is founded on section 4451 of the code, which declares that "if any person shall fraudulently make, sign, forge, counterfeit or alter, or be concerned in the fraudulent making, signing, forging, counterfeiting or altering any other writing not herein provided for, with

intent to defraud any person or persons, bank or other corporate body, or shall fraudulently cause or procure the same to be done, such person so offending shall, on conviction, be punished," etc.

The writing set forth in the indictment and copied at length in the official report, falls within the terms of section, because it is not elsewhere in the code provided for. The intention of the legislature was evidently to embrace every species of writing that could be used to defraud another. ' *Berrisford* v. *The State*, 66 *Ga.* 53 ; *Burke* v. *The State, Ib.* 157 ; *Johnson* v. *The State*, 62 *Ga.* 299 ; 2 Bishop Crim. Law, §523 *et seq.* No doubt, in some jurisdictions, any extrinsic facts requisite to render a doubtful, obscure or incomplete instrument efficient in the consummation of fraud would have to be .alleged. 2 Bish. Cr. L. §545 ; Rembert *v.* The State, 53 Ala. 467, s. c. 25 Am. Rep. 639 ; but this rule does not prevail in Georgia, the code declaring, in section 4628, that an indictment which states the offence in the terms and language of the code, or so plainly that the nature of the offence charged may be easily understood by the jury, shall be sufficiently technical and correct. The next section provides that exceptions which go merely to the form of an indictment, shall be made before trial, and no motion in arrest of judgment shall be sustained for any matter not affecting the real merits of the offence charged. Here the forged writing is fully set out, and all averments in relation to it are in the terms and language of the code. If, as the indictment alleges, the forgery was committed with intent to defraud either the railroad company or John Bannister, the accused was guilty ; that such intent existed, and the mode by which it could have been accomplished, were matters of evidence, and after verdict it is to be presumed that they were established by evidence to the satisfaction of the jury. *Rataree* v. *The State*, 62 *Ga.* 245. There might have been several

ways in which the forged instrument could be used by the forger, or some accomplice employed by him, to defraud the company or the individual mentioned in the indictment, one or both of them. As the writing mentions a "check-roll" for July, it is fair to presume, after verdict, that it existed, and that it was a check-roll of the company; also that Bannister's name was thereon, and that the roll showed some amount of money due him. The forged certificate, on its face not being transferable, the holder of the same, whether the forger or his accomplice, might be enabled thereby to personate Bannister successfully in drawing the money indicated as due him by the check-roll. The accomplishment of this fraud, it may be, could be prevented only by the precautionary measure of having the holder of the certificate otherwise identified. This precaution might be omitted, and if so, it can be easily seen how the forged instrument might be used to accomplish the fraud. Other methods of its accomplishment might be possible, and might have appeared to the jury with sufficient certainty through the medium of the evidence. We need not attempt to point out more than one possibility. We are sure, at all events, that the intimation of counsel that it was impossible for the alleged fraudulent intention to be consummated, is not correct. The most that can be said is, that the writing is ambiguous; and under our system (both civil and criminal), ambiguities are referred to the jury for interpretation in the light of the extrinsic evidence, and certainly there is no requirement in our law to set out in an indictment the extrinsic evidence which is intended to be adduced in support of it. The court committed no error in refusing to arrest the judgment on the motion submitted.　　*Judgment affirmed.*