SAMPSON MINING & MILLING CO. v. SCHAAD.

1. MINE-OWNERS AND MINERS — DUTIES AND RISKS.— It is the duty of
employers engaged in extracting ores from the bowels of the earth
to exercise reasonable diligence to keep their mines secure from dan-
ger to their employees, and miners engaging in such service assume
the ordinary risks and perils incident to such employment.

2. INDIRECT EVIDENCE OF NEGLIGENCE ADMISSIBLE.— When the pre-
cise position which a fallen stull occupied in the roof of a mine be-
fore an accident could not be shown with certainty, so as to determine
whether there was or was not negligence in placing the same in the
roof, it was proper to admit evidence showing the construction of
other parts of the roof adjacent thereto so far as such other parts
could be shown to have been constructed in a similar manner.

3. CONTRIBUTORY NEGLIGENCE, GENERALLY QUESTION OF FACT.— Ques-
tions of negligence and contributory negligence are generally ques-
tions of fact to be determined by the jury under proper instructions
from the court upon matters of law.

4. SAME — MEANS OF KNOWLEDGE, QUESTION FOR JURY.— Where a person not skilled in timbering mines was employed as a "trammer" in and about a mine for a considerable period before he was injured by the falling of a defective roof, *held*, that his means of knowledge concerning the condition of the roof was simply a matter for the consideration of the jury in determining the question of contributory negligence.

### *Appeal from District Court of San Juan County.*

CHARLES SCHAAD, plaintiff below, brought this action against the Sampson Mining & Milling Company for personal injuries suffered by himself while at work for defendant in the lower level of its mine. The injuries were very serious, and were occasioned by the falling of the roof of the mine, thus burying plaintiff under the roofing material and a great quantity of rock and other *débris*.

The injuries are alleged in the complaint to have happened without any fault or negligence of plaintiff, and to have been caused by the improper construction and unsafe condition of said roof; that such unsafe condition was, at the time of plaintiff's injuries, and long prior thereto, known to defendant; and that said injuries happened in consequence of the failure of defendant to provide plaintiff with a place in which he could do his work with reasonable safety.

The answer admits its employment of plaintiff, as set forth in the complaint, and that the roof of the mine fell upon plaintiff, but denies that the falling of the roof was caused by the negligence of defendant, denies the extent of plaintiff's injuries as alleged, and denies the other allegations of the complaint.

The trial resulted in a verdict and judgment for plaintiff. Defendant brings this appeal. The only assignments of error insisted on are to the effect that the verdict is against the law and is not sustained by the evidence, and that the court erred in admitting improper evidence on behalf of plaintiff against the objection of defendant.

Mr. H. O. MONTAGUE, for appellant.

Mr. Justice Elliott delivered the opinion of the court.

That it is the duty of employers engaged in extracting ores from the bowels of the earth to exercise reasonable diligence to keep their mines secure from danger to their employees, and that miners engaging in such service assume the ordinary risks and perils incident to such employment, are legal propositions which were accepted as correct in the court below as well as on this appeal.

Considerable evidence was given at the trial by persons of learning and experience in timbering mines, showing how timbers should be placed in and about the walls and roofs of mines in order that the same might be reasonably secure from danger.   This evidence was for the purpose of establishing, in the minds of the jury, a standard by which they could determine whether or not the defendant company had discharged its duty to its employees by providing them with a reasonably safe place to perform their service, considering the nature of their employment.  Evidence was also admitted tending to show that the timbers in defendant's mine were not placed in proper position to make a reasonably strong and secure roof; and, in this connection, evidence was admitted against the objection of defendant showing the position or angle at which the stulls were placed in, upon or against the walls of the mine adjacent to the place of the accident, as well as the position of the particular stull which gave way.

It might be impossible to show with certainty, by direct evidence, the precise position which the fallen stull occupied before the accident, so as to determine whether there was or was not negligence in placing the same in the roof. Hence, it was proper to admit evidence showing the construction of other parts of the roof adjacent thereto so far as such other parts could be shown to have been constructed in a similar manner.   From such *data* a legitimate inference might be drawn as to the cause of the roof giving way as it did.   It was not error to admit such evidence.

It is insisted by counsel for appellant that the evidence

is not sufficient to sustain a finding of negligence against the defendant company; and that, even if the evidence would justify such finding, it also shows plaintiff to have been guilty of contributory negligence, inasmuch as he had been employed as a workman in and about the mine at different times for a considerable period before he was injured.

The plaintiff's employment was to haul ore from the interior of the mine to the ore-house by means of a vehicle called a "tram." In mining parlance, he was called a "trammer." He was not a skilled miner, but a common laborer. He did not profess to be skilled in timbering mines; nor does it appear that his duties required that he should be; neither does it appear that he had anything to do with constructing the roof which fell, or any part thereof. His means of knowledge concerning its condition, therefore, was simply a matter for the consideration of the jury in determining the question of contributory negligence. *Wells v. Coe*, 9 Colo. 167.

We have carefully examined the evidence. It is somewhat conflicting, and it may be admitted that the jury would have been warranted in rendering a different verdict. We do not, however, perceive any clear and substantial reason which would justify an appellate court in exempting this case from the application of the rule that questions of negligence and contributory negligence are generally questions of fact to be determined by the jury under proper instructions from the court upon matters of law. *Electric Co. v. Lubbers*, 11 Colo. 508; *Lord v. Refining Co.* 12 Colo. 393.

All questions of fact were fairly submitted to the jury by the charge of the trial judge. No objection whatever is urged on this appeal against the instructions. The judgment of the district court must accordingly be affirmed.

*Affirmed.*

MR. JUSTICE HAYT, having presided at the trial below, did not participate in this decision.