[Civil No. 500. Filed September 23, 1896.]

[46 Pac. 72.]

JOHN LAWLER et al., Defendants and Appellants, v. THE BASHFORD-BURMISTER COMPANY, Plaintiff and Appellee.

1. ATTACHMENT—CLAIM BY THIRD PARTY—TRIAL—ISSUES—DEFAULT—REV. STATS. ARIZ. 1887, CHAP. 2, TIT. 61, CONSTRUED.—Chapter 2 of title 61, *supra*, provides that when a party claims property levied upon by a sheriff, by making a certain affidavit and executing a

certain bond, the sheriff shall deliver the property to the claimant and return said affidavit and bond to the proper court, a'nd the clerk thereof shall docket the case in the name of the plaintiff in the writ as plaintiff and the claimant of the property as defendant; that at the first term thereafter the court shall direct an issue to be made up in writing between the parties, if they both appear, which shall be tried as in other cases.   Paragraph 3178 of said chapter, *supra,* provides: "Said issue shall consist of a brief statement of the authority and right by which the plaintiff seeks to subject the property levied on to his execution, and the nature of the claim of the defendant thereto."   Where both plaintiff in attachment and claimant appeared and, under direction of the court, the plaintiff filed a complaint in compliance with the statute, *supra,* and the court and both parties treated such complaint and the affidavit filed by claimant and returned by sheriff as sufficiently raising an issue, and thereupon the case was set for trial, the affidavit and bond filed by defendant was a sufficient appearance, in conjunction with the conduct of the court and parties, to prevent a judgment by default until defendant had been ordered to present some other issue, and had, after a sufficient time to comply with such order, failed so to do, and, under the circumstances, it was error for the trial court to deny defendant's motion, made before judgment rendered, for leave to file an answer, and enter judgment by default against defendant.

2. SAME—SAME—JUDGMENT BY DEFAULT—MOTION TO SET ASIDE—LEAVE TO ANSWER.—Where, immediately after judgment was pronounced, defendant files his petition, supported by affidavit, praying for an order setting aside the judgment, and for leave to file an answer, tendering therewith the answer containing allegations showing a meritorious defense, it is error for the court to refuse to set aside the judgment and allow the defendant to plead.

3. SAME—SAME—SAME—SAME—SAME—APPEAL AND ERROR—REVIEWED FOR ABUSE OF DISCRETION—SHOWING.—Before an appellate court will disturb a judgment by default, it should be made to appear that the trial court failed to act with proper discretion.   Two things in such cases must appear,—viz., that the defendant has a meritorious defense, and a good reason for not answering in time, or making his defense on the trial.

APPEAL from a judgment of the District Court of the Fourth Judicial District in and for the County of Yavapai. Joseph D. Bethune, Acting Judge.   Reversed.

Statement of facts:—

The appellee, the Bashford-Burmister Company, commenced an action in September, 1893, in the district court of Yavapai County, against the Seven Stars Gold-Mining Com-

pany, to recover something over five thousand dollars. An attachment in aid of said suit was duly issued, and the writ of attachment delivered to the sheriff of said county, who levied it on certain property, as the personal property of said gold-mining company. Thereafter, in November, 1893, a judgment was rendered in said case in favor of said Bashford-Burmister Company for the said amount claimed. Thereafter, on the twenty-sixth day of December, 1893, the appellants, Lawler & Wells, made and presented an affidavit to said sheriff, claiming the said property which had been levied upon under said writ of attachment as their property, and said sheriff appraised the said property, and said Lawler & Wells executed a bond as required by law; and said property was then turned over to them by said sheriff, and thereafter he filed said affidavit and bond of Lawler & Wells in said district court on December 29, 1893, as required by law. At the June term of said court, and on the 5th of said month, on motion of Lawler & Wells's attorney, said case (the controversy between Lawler & Wells and the Bashford-Burmister Company over said property), on said affidavit, was ordered placed on the calendar, and said Bashford-Burmister Company ordered to tender issues as required by law. Thereafter, on June 22, 1893, said Bashford-Burmister Company complied with said order, and filed a complaint or statement, as plaintiff, against Lawler & Wells, as defendants, therein setting up the fact of its suit against the said Seven Stars Gold-Mining Company; its judgment for the said amount thereon; its attachment in aid thereof; the levy of said writ of attachment on certain property, claimed to be property of said Seven Stars Gold-Mining Company; the fact that defendants Lawler & Wells filed their affidavit claiming said property, and executed their bond therefor; that said property, after said affidavit was made and bond was executed, was delivered to them; with the declaration, in effect, that said defendant the Seven Stars Gold-Mining Company at the time said attachment was levied was the owner of said personal property,—which complaint or statement was filed as its tender of issues. Thereafter the case was set for trial, and reset for trial, on the motion of the respective parties, from time to time, and passed until July 11, 1895, on which date Judge Hawkins made an order that said case be referred

to Hon. J. D. Bethune for trial.    Thereafter, on July 17,
1895, on motion of said defendants Lawler & Wells, the case
was set for trial on July 22, 1895; and on said last date both
parties were present in court, in person and with their counsel,
and announced ready for trial on the issues presented, where-
upon said plaintiff moved for a judgment against defendants
by default.    Defendants resisted said motion, contending that
the affidavit and bond filed on their claim of said property
made an issue to be tried; informed the court that they had
filed a contract in writing, which had been given them by the
Seven Stars Gold-Mining Company, which was a conditional
sale of said property to said company, and had given written
notice of said filing to plaintiff; that at a previous date Judge
Hawkins had decided from the bench that the issues were
joined,—and requested that defendants be granted a few
minutes to prepare and file issues on their part.    The court
refused defendants' request, and sustained plaintiff's motion,
and gave judgment against defendants for the value of said
property, on said bond, with damages and costs.    Defendants
duly excepted to the rulings of the court, and moved to set
aside said judgment by default, and for a new trial, and ten-
dered with said motion a meritorious defense,—among other
things, to the effect that defendants had made a conditional
sale in writing of the said property to said Seven Stars Gold-
Mining Company, that the conditions had failed, and that said
property, in consequence of said failure, was the property of
defendants.    Said motions to set aside said judgment, and for
leave to file said answer, were overruled and denied, and de-
fendants excepted and appealed.

J. F. Wilson, for Appellants.

Default could not be properly entered, because the parties
were in court, were at issue on a dispute of title, and an-
nouncing ready to try that issue.    *Field & Co.* v. *Fowler,* 62
Tex. 65.    This case holds, "That the appearance of the de-
fendant entered upon the minutes of the court, whether made
in person or by attorney, had all the effect of an answer in
preventing a judgment by default, until he [the defendant]
*refuses* to join issue under the direction of the court.    And it
reversed the judgment entered by default, notwithstanding
the defendant was not there at the time, and his attorney had

Arizona 5—7

withdrawn from the case when it was entered, simply because defendant's appearance was entered on the minutes and he had not *refused* to obey the order of the court."

"The power of courts should be liberally exercised to mold and direct proceedings so as to dispose of cases upon their merits, and without reasonable delay, regarding mere technicalities as obstacles to be avoided rather than as principles to which effect is to be given in derogation of substantial rights." *Buell* v. *Emerich,* 85 Cal. 116, 24 Pac. 644; *Reed* v. *Calderwood,* 22 Cal. 465; *Casement* v. *Ringgold,* 28 Cal. 338; *Roland* v. *Craenhagan,* 18 Cal. 455; *Burns* v. *Scooffy,* 98 Cal. 271, 33 Pac. 86.

In *Tennison* v. *Tennison,* 49 Mo. 110, it is decided that an appearance and offer to file answer in obedience to a former order of court was such a technical appearance as would give defendant the right to open up the judgment by default, if properly moved. See, also, *Ratliff* v. *Baldwin,* 29 Ind. 16, 92 Am. Dec. 330; *Cruise* v. *Cunningham,* 79 Ind. 402; *Clary* v. *Hoagland,* 6 Cal. 685.

In this case the court, in response to an inquiry made by appellants, informed them they had pleaded sufficiently. Later a different judge in the same court says differently, and refuses to allow us to plead, and enters up a default. This was misleading. On this phase of the subject, see *Wicke* v. *Lake,* 21 Wis. 410, 94 Am. Dec. 552.

As to excuses for opening a default, see *Mann* v. *Provost,* 3 Abb. Pr. 446; *Mead* v. *Norris,* 21 Wis. 310; *McGuin* v. *Case,* 9 Abb. Pr. 160; *State* v. *Mining Co.* 13 Nev. 195; *Howe* v. *Goldman,* 4 Nev. 195; *Wolff* v. *Canadian Ry. Co.,* 89 Cal. 332, 26 Pac. 825; *Watson* v. *Railway Co.,* 41 Cal. 17.

That it was a clear abuse of discretion for the court to refuse to set aside the default, see *Lodtman* v. *Schluter,* 71 Cal. 97, 16 Pac. 540; *Watson* v. *Railway Co.,* 41 Cal. 17; *Riedy* v. *Scott,* 53 Cal. 73.

Johnston & Sloan, and Herndon & Norris, for Appellee.

. ROUSE, J. (after stating the facts).—The first thing for us to determine in this case is, Was there a default on the part of defendants Lawler & Wells at the time the motion for judgment was made? The term "default," when used in

practice, is defined by Bouvier to be "the non-appearance of a plaintiff or defendant at court within the time prescribed by law to prosecute his claim or make his defense." 1 Bouvier's Law Dictionary, 445. The record shows that defendants were in court, and active in trying to bring the case to trial; that they had filed in court the written evidence of their title to said property, and had given plaintiff notice thereof. Hence, under said definition, they were not in default. The term, when applied to a defendant, is frequently (and indeed commonly) used in a much wider sense; and a failure to enter a plea, answer, affidavit of defense, etc., as well as for want of an appearance, is included in the definition thereof. 1 Black on Judgments, sec. 80. If there was an appearance on the part of defendants, as above defined, there was no default in this case, and the motion for judgment should have been overruled.

Chapter 2 of title 61 of the Revised Statutes provides that when a party claims property levied upon by a sheriff, by making a certain affidavit and executing a certain bond, the sheriff shall deliver the property to the claimant, and the sheriff shall return said affidavit and bond to the proper court, and the clerk thereof shall docket the case in the name of the plaintiff in the writ as plaintiff, and the claimant of the property as defendant; that at the first term thereafter the court shall direct an issue to be made up in writing between the parties, if they both appear, which shall be tried as in other cases. As both parties appeared in this case, it became the duty of the court to direct that an issue be formed. The judge then on the bench did order such issue to be made, and plaintiff did file a complaint or statement for that purpose on its part. Paragraph 3178 of the chapter of the statutes above referred to is as follows: "Said issue shall consist of a brief statement of the authority and right by which the plaintiff seeks to subject the property levied on to his execution, and the nature of the claim of the defendant thereto." The complaint or statement filed by plaintiff substantially complied with said paragraph. Defendants filed no defense on their part, but acted as though the affidavit they had made and the bond which they had executed, and which had been filed by the sheriff in said court, was sufficient to present the issues on their part. Indeed, the judge then on the bench

seemed to consider those papers as sufficient to present all the issues necessary for a trial; and both parties, by having the case set for trial from time to time thereafter, appeared to join in that conclusion. We do not feel compelled, in this case, to determine what steps should be taken by the respective parties in cases such as this, in order to form an issue or to determine the nature of the pleadings which should be filed by them. What would be necessary in one case might not be necessary or sufficient in another. But we think the affidavit and bond made and executed by the defendants were such an appearance on their part, and the conduct of the parties in trying to bring the case to trial, and the remarks of the trial judge with reference to the issue, were sufficient to prevent a judgment by default until defendants had been ordered to present some other issue, and had failed to comply, after having had sufficient time to comply with such order. 1 Black on Judgments, sec. 36; *Norman* v. *Hooker*, 35 Mo. 366; *Ruch* v. *Jones*, 33 Mo. 393; *Mullen* v. *Wine*, 9 Colo. 167, 11 Pac. 54.

Before the judgment was rendered defendants asked the court to grant them a few minutes only in which to draft and file an answer, at the same time advising the court of the views expressed by the former judge with reference to the pleadings. Said request was refused, and we think the court erred in that respect.

Immediately after the judgment was pronounced defendants filed their petition, supported by affidavit, praying for an order setting aside the judgment, and for leave to file an answer, tendering therewith an answer containing allegations showing a meritorious defense, which they offered with said petition, and asked to file. In said petition they set out the rulings or declarations of the former judge with reference to the pleadings, and gave a full history of the case, and of the motions made in court by the respective parties, and steps taken by them to bring the case to trial. Before an appellate court will disturb a judgment by default, it should be made to appear that the trial court had failed to act with proper discretion. Two things in such cases must appear,—viz., that the defendant has a meritorious defense, and a good reason for not answering in time, or making his defense on the trial. *Robyn* v. *Publishing Co*. 127 Mo. 385, 30 S. W. 130; *Pry* v. *Railroad Co.*, 73 Mo. 123; *Judah* v. *Hogan*, 67 Mo.

252; 1 Black on Judgments, secs. 347, 348; *Harding* v. *Cowing*, 28 Cal. 212; *Wallace* v. *Eldredge*, 27 Cal. 495. The defendants, by their petition to set aside the judgment in this case, having shown that they had a meritorious defense and a good reason for not filing an answer in time, the judgment by default should have been set aside, and defendants allowed to plead. The judgment of the district court is reversed, and the case remanded for a new trial.

Baker, C. J., concurs.

Hawkins, J., took no part in this case.