## TAYLOR v. THE STATE.

1. While the strict rules of the common law in regard to indictments have
   been modified in this State, yet, in an indictment for forging or fraudu-
   lently altering a teacher's license, it is necessary to set out the material
   parts thereof ; and it is not sufficient to describe the instrument merely
   by calling it a license, and stating as a legal conclusion that it authorized
   the holder to 'each in the public schools of the State and to receive pay
   therefor.

2. None of the grounds of the demurrer except that which makes the point just referred to were meritorious, and they were properly overruled.

Argued May 15, — Decided June 13, 1905.

Indictment for altering teacher's license.      Before Judge Holden.      Hart superior court.      March 23, 1905.

A. S. Taylor was indicted, in the superior court of Hart county, for the offense of falsely and fraudulently altering a teacher's license.      The indictment was demurred to.      The demurrer was overruled, and the defendant excepted.      On the argument in the Supreme Court it was suggested that the copy of the indictment sent up with the record contained certain errors, and under order of the court another copy was certified and filed. The body of the indictment was as follows:  "The grand jurors . . charge and accuse A. S. Taylor with the offense of felony ; for that the said A. S. Taylor did, on the 1st day of January, 1904, in the county aforesaid, with force and arms, with intent to defraud said county of Hart in said State of Georgia, falsely and fraudulently · alter a license issued by E. Benton, county school commissioner of Bryan county, Georgia, to A. S. Taylor, a teacher, the same being what is commonly known as a license, which authorizes a teacher to contract with the proper officers to teach in the public schools of said State, and authorizing the holder of such license to be paid for such teaching out of the public-school fund, said license as originally issued being for what is known as third grade, authorizing the holder thereof, the person to whom issued, to be contracted with to teach in the public schools in which he may be employed, for a term of one year from date of issue, the date appearing on said license in the face thereof as the date of issue being July 1st, 1904, the said alterations so made by said A. S. Taylor being the altering the word 'third,' originally appearing before the word 'grade' in said license, so as to make it read 'first,' and said license at that part thereof to read 'first grade,' and altering the word 'one' before the word 'years' in said license so as to make it read 'three,' and thus making said license when so altered read at that part thereof 'three years,' and by altering said date appearing in the face of said license as the date of issue of the same, which was originally July 1st, 1904, so that, after said alteration so then and there made by said A. S.

Taylor, said license read, in that part of said license, July 1st, 1903, teachers of third-grade license being authorized to teach thereunder only one year from date thereof so as to receive pay from public-school fund received in said county of Hart less pay for time taught than persons holding first-grade license authorizing them to teach three years from date of said license, said alterations being so made by said A. S. Taylor with intent to procure more money from the public-school fund of the said county of Hart, for teaching in the public schools therein, than said Taylor would have been authorized to receive under said license as the same was originally issued, thus with the intent to so defraud said county of Hart."

*A. G. & Julian McCurry*, for plaintiff in error.
*D. W. Meadow, solicitor-general*, contra.

LUMPKIN, J. The demurrer in this case contains twelve grounds, but several of them make substantially the same point. It is contended, that the indictment states no legal offense; that it does not set out the license alleged to have been fraudulently altered; that it is not shown that the defendant made any attempt to use the license alleged to have been altered, to defraud the county, or how it was intended to defraud the county, or that he attempted to teach school in Hart county, or to draw public funds thereof; that no authority is shown in the county school commissioner, who issued the license, to do so; that it does not show clearly that the holder of a first-grade license had any more right than one holding a third-grade license, or was entitled to receive more pay, or was paid more in Hart county; that the license was not good in Hart county without being endorsed by the county school commissioner of that county; and it was not shown that there was any intent to induce him to endorse it, or that the defendant altered it with intent to induce the public-school authorities of Hart county to contract with him or authorize him to teach school; and that the county of Hart was not alleged to be a corporation.

We do not think there is merit in any of the grounds of the demurrer, except one. The indictment was based on the act of December 18, 1900 (Acts 1900, p. 69; Van Epps' Code Supp. § 6675). Under that act it is criminal to falsely and fraudulently forge or alter "any certificate or license issued by any county

school commissioner of this State," with intent to defraud the State or any county thereof. It is not necessary to allege the authority of the commissioner to issue the license, or the details of the manner in which the defendant intends to defraud the county, or that he has actually committed a fraud, or attempted to do so by overt acts. *Travis* v. *State*, 83 *Ga.* 372; *Shope* v. *State*, 106 *Ga.* 226. The courts will take judicial cognizance of the fact that each county is a body corporate. Pol. Code, § 340; Civil Code, § 5148.

At common law, as a general proposition, when a written instrument formed a part of the gist of the offense charged, it was required to be set out verbatim, unless where a statute declared that it was not necessary. An instrument charged to be forged was not required to be set out verbatim, where it was lost or destroyed, or in the defendant's possession, or where access to it could not be had; in which event the disabling fact could be alleged, and the substance set out. 2 Bish. Crim. Proc. (4th ed.) §§ 401, 403, 404, 419; 1 Barb. Crim. L. 334; 2 McLain's Crim. L. §§ 794, 796; Whar. Crim. P. & P. (9th ed.) §§ 167, 180. One of the principal reasons given by the last-named author for the necessity for particularity in criminal pleading is, "to enable the defendant to prepare for his defense in particular cases, and to plead in all; or, if he prefer it, to submit to the court by demurrer whether the facts alleged (supposing them to be true) so support the conclusion in law as to render it necessary for him to make any answer to the charge." § 166 (d). In England and in some of the United States there have been special legislative enactments on the subject. Id. § 412. But in the absence of statutory enactment, the general rule requires that there should be such a setting out of at least the material parts of the paper alleged to be forged or altered as would put the defendant upon notice of its contents. The exceptions need not be mentioned. In this State the niceties and technicalities required in indictments at common law have been largely swept away. Penal Code, § 929, supra; *Studstill* v. *State*, 7 *Ga.* 2; *Berry* v. *State*, 10 *Ga.* 517; *Stephens* v. *State*, 11 *Ga.* 240. In *Johnson* v. *State*, 90 *Ga.* 444, it is said that, "In our judgment, the section of our code above cited was not intended to dispense with the substance of good pleading. It simply means that an in-

dictment conforming substantially to its requirements will be sufficient, but it is not designed to deny to one accused of crime the right to know enough of the particular facts constituting the alleged offense to be able to prepare for trial." In *Haupt* v. *State*, 108 *Ga.* 53, it is said that "While in an indictment for forgery only the material parts of the instrument, as a contract, are required to be set out," etc., thus recognizing the necessity for putting the defendant on notice of the material parts of the instrument alleged to have been forged or altered. It is not sufficient for the indictment to state conclusions or inferences in regard to the legal effect of the instrument. The decision in *Watson* v. *State*, 78 *Ga.* 349, was not based on a charge of forging or altering an instrument.

The indictment under consideration describes the instrument alleged to have been altered as being "what is commonly known as a license which authorizes a teacher to contract with the proper officers to teach in the public schools of said State, and authorizing the holder of such license to be paid for such teaching out of the public-school fund." In the latter part of the indictment occur the following words: "teachers of third grade license being authorized to teach thereunder only one year from date thereof so as to receive pay from public-school fund received in said county of Hart less pay for time taught than persons holding first-grade license authorizing them to teach three years from date of said license." Neither of these expressions contains any sufficient description or setting forth of the instrument, but rather a mere opinion of the grand jury or the solicitor-general as to the result or legal effect of it. In the body of the indictment certain words forming part of the instrument are alleged to have been altered. They do not appear to have been consecutive words, but to have occurred at different places in the license. It is impracticable from an inspection of the indictment to learn what were the contents of the whole paper or of a substantial part thereof.

The ground of the demurrer to the effect that the writing or paper alleged to have been fraudulently altered was not sufficiently set forth in the indictment should have been sustained. The other grounds were properly overruled.

*Judgment reversed. All the Justices concur, except Simmons, C. J., absent.*