[Crim. No. 111. First Appellate District.—December 16, 1907.]

## THE PEOPLE, Respondent, v. THOMAS JOHNSON, Appellant.

CRIMINAL LAW—FORGERY OF RECEIPT—SUFFICIENCY OF INFORMATION.— Receipts being mentioned in the statute in the list of instruments that may be the subject of forgery, an information charging the defendant, Thomas Johnson, with forging a receipt of one "Francis A.," who, for the purpose of determining the sufficiency of the information, must be assumed to be a different person from the defendant, with intent to defraud the United Railroads, is sufficient if the instrument appears upon its face to be one that might defraud that corporation, and the information need not aver how the fraud could be or was effected.

ID.—VERDICT AGAINST EVIDENCE—IDENTITY OF PERSON—CHANGE IN AMOUNT OF RECEIPT.—Where the evidence shows that Thomas Johnson and Francis A. are one and the same person, and when he signed the receipt Francis A. he signed it as his own name, under which he was known and working for the United Railroads, and that the only change was in the amount of the receipt, a verdict of guilty of forgery was against the evidence.

ID.—METHODS OF COMPANY—ORDER FOR MONEY NOT ALLEGED—VARIANCE. If, under the methods employed by the company for payment of its laborers, the receipt to be signed was in the nature of an order for the payment of money, where the instrument alleged to be forged was a mere receipt, and appeared on its face to be such as signed by the defendant, and it is not alleged to be an order or request for the payment of money, evidence tending to show the forgery of the instrument as an order for the payment of money shows an entirely different offense from that charged, and where the variance was continuously objected to, the verdict cannot be supported on that ground.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from order deny-

ing a motion in arrest of judgment and denying a new trial. Carroll Cook, Judge.

The facts are stated in the opinion of the court.

Brennan & Lane, for Appellant.

U. S. Webb, Attorney General, for Respondent.

HALL, J.—Defendant was convicted of the crime of forgery, and appealed to this court from the judgment, the order denying his motion in arrest of judgment, and the order denying his motion for a new trial.

No demurrer was filed to the information, but defendant, on his motion for an arrest of judgment, attacked, and now attacks, the information upon the ground that the facts stated do not constitute a public offense. (Pen. Code, sec. 1012.)

The information charges that the defendant, Thomas Johnson, did willfully, unlawfully, feloniously, falsely, fraudulently, and with intent to prejudice, damage and defraud the United Railroads of San Francisco, a corporation, make, alter, forge and counterfeit a certain instrument in writing in the words and figures following, to wit:

"Date........190......Page 0330, No. 4517.
"Name, Francis A.

"Received of the United Railroads of San Francisco, $11.25 in full for services to Jan. 12, 1907.

"Francis A.,
"signature."

—and further charges in the usual form that he then and there uttered the same to one Ivor Jones, then and there the assistant treasurer of said United Railroads of San Francisco, with intent to defraud said United Railroads, knowing the same to be altered, forged and counterfeit.

The point urged against the information is that it does not appear that the United Railroads could have been injured by the instrument set forth, it being upon its face a receipt, evidencing payment of money by the United Railroads to the signer of the receipt.

Where it does not appear from the face of the instrument that the instrument forged could work an injury to the person alleged to have been intended to be defrauded, extrinsic facts must be alleged sufficient to show that such party could have been defrauded thereby. On the contrary, if the instrument appears on its face to be one prohibited to be forged by the statute, and appears on its face to be one that may work a fraud on the person intended to be defrauded, it is not necessary to allege how such person could be defrauded.

"The instrument being set out, and purporting on its face to be the thing prohibited to be forged . . . there is no need of further allegations to show how it was the thing, or how it could be used as an instrument of fraud, or that it was so used in fact." (*Commonwealth* v. *White,* 145 Mass. 392, [14 N. E. 611].) It is sufficient that the forged instrument might be used to perpetrate a fraud, and it is not necessary to set out in detail how the fraud could be effected. (*Commonwealth* v. *Costello,* 120 Mass. 358; *Travis* v. *State,* 83 Ga. 372, [9 S. E. 1063]; *People* v. *Van Alstine,* 57 Mich. 74, [23 N. W. 594]; *People* v. *Ah Woo,* 28 Cal. 212; *Ex parte Finley,* 66 Cal. 262, [5 Pac. 222]; *People* v. *Bibby,* 91 Cal. 470, [27 Pac. 781]; *People* v. *McGlade,* 139 Cal. 66, [72 Pac. 600]; *West* v. *State,* 22 N. J. L. 212; *Snell* v. *State,* 2 Humph, (Tenn.) 347.)

In *People* v. *Munroe,* 100 Cal. 664, [38 Am. St. Rep. 323, 35 Pac. 326], it is said that the essential ingredients of forgery are "(1) A false making of some instrument; (2) a fraudulent intent; (3) if genuine, the writing might injure another." The court further said that "The third element stated is expressly recognized by this court to be the true test as to the nature of the writing." (Citing *People* v. *Frank,* 28 Cal. 514; *People* v. *Tomlinson,* 35 Cal. 506; *Ex parte Finley,* 66 Cal. 263, [5 Pac. 222].)

Turning now to the instrument set forth in the indictment, and alleged to have been forged by defendant Johnson with intent to defraud the United Railroads, it purports on its face to be a receipt of one Francis A., who, for the purpose of determining the sufficiency of the information, must be assumed to be a different person from the defendant. Receipts are in terms mentioned in the statute in the list of instruments that may be the subject of forgery. (Pen. Code,

7 Cal. App.—9

sec. 470.) If the defendant forged this receipt, and then presented it to the United Railroads as the genuine receipt of Francis A., and thereby procured any money from said United Railroads that it may have owed Francis A., it is perfectly clear that the corporation would have been defrauded thereby. Or again, if Johnson were a disbursing officer of such corporation, and forged said receipt, and gave it to the corporation as a voucher for money falsely claimed to have been paid out by him for said corporation to Francis A. the corporation could and would have been prejudiced and defrauded thereby.

We thus see that the instrument might, if accepted as true and genuine, work a fraud on the United Railroads, and the information meets the requirements of the law in this regard. It appears on its face that it might be used to work a fraud on the person or corporation intended to be defrauded.

The only case cited by appellant which we think sustains his contention is *Clark* v. *State*, 8 Ohio St. 630, where it was held that a receipt could not be forged with intent to defraud the payor therein. But this case was not argued by the attorney general, but he confessed error, and the court, without citing any authorities, held that the receipt could not work a fraud on the payor. We believe the court came to a wrong conclusion in that case, even under the rule announced in general terms by itself in that case.

The information in the case at bar is sufficient.

We have thus far been considering the information only; but when we come to an examination of the evidence the case bears a different aspect.

It appears that Thomas Johnson and Francis A. are one and the same person, and when the defendant signed the name Francis A. to the receipt, he signed it as his own name. It was the name under which he was known, and under which he was working for the United Railroads. It seems to have been the practice with the United Railroads to issue to laborers, such as was the defendant, brass tags numbered to correspond with numbers written against the names of the laborers in the weekly pay-roll. In order to facilitate paying the men blank receipts would be filled out by clerks in the office of the company for the amount due the men.

Upon each blank receipt thus filled out would be written the name of the man and his number. These receipts were thereupon, by an employee of the company, delivered to the men holding the corresponding brass tags, and the tags taken up. The men were required to sign these receipts upon being paid their wages. In accordance with this custom defendant was given the receipt set forth in the information, save that the amount written thereon was $4.25, and the same had not then been signed by anybody. Defendant subsequently presented the same to the assistant treasurer of the company for the purpose of getting his wages, signed by himself, but with the amount thereof changed to $11.25.

Treated as a receipt the instrument was clearly the instrument of the defendant. He had a perfect right to sign his name thereto, and it is difficult to see why he had not the right to change the amount thereof before executing it, that is, before delivering it to the company. It was an instrument intended to be signed and executed by himself alone. While as a matter of convenience the instrument had been prepared by the clerk of the United Railroads, it did not on its face purport to be an instrument executed or to be executed by the company.

It is claimed by the respondent that the instrument, when delivered to defendant, was in effect, under the methods adopted by the company for the payment of its laborers, a request or order for the payment of money. But on its face it certainly did not so appear, and no facts are charged in the information to give it such effect. The instrument charged to have been forged appears in the information to be a receipt, shown in the evidence to have been signed by defendant in his own name as his receipt. If it be conceded for purposes of argument, that, notwithstanding that the instrument set forth is, on its face, unambiguous and plainly a receipt, facts might have been alleged to give it the force and effect of a request or order for the payment of money, an information so framed would charge a different offense than the one charged in the information. Defendant is charged with forging a receipt. True it is not called a receipt in the information, but it is set out in full, and clearly appears to be a receipt. The evidence, however, at the best, only tends to show a forgery of the instrument in the aspect

of an order for the payment of money. No such case is made by the information, but an entirely different offense is charged. Defendant raised the question of variance several times during the trial.

For the reasons above set forth the evidence does not support the verdict, and the court should have granted a new trial.

In the case of *People* v. *Peacock,* 6 Cow. (N. Y.) 72, cited by the respondent, although defendant signed his own name, he signed it as the name of another person who bore the same name, and for whom the goods were intended, as the defendant well knew. The case simply enunciates the same rule as laid down in *People* v. *Rushing,* 130 Cal. 449, [80 Am. St. Rep. 141, 62 Pac. 742], but in its facts bears no resemblance to the case at bar.

The judgment and order denying the motion for a new trial are reversed.

Cooper, P. J., and Kerrigan, J., concurred.