[No. 11351.    Department Two.    January 21, 1914.]

THE STATE OF WASHINGTON, *Respondent*, v. A. W. SMITH, *Appellant*.[1]

FORGERY—CERTIFICATE OF IDENTIFICATION — INFORMATION — SUFFICIENCY.    Under Rem. & Bal. Code, § 2583, with reference to the forgery of any "writing or instrument for the identification of a person," an information for the forgery of a certificate of identification of a workman on a railroad, showing on its face that it is such an identification certificate and one specifically prohibited to be forged, need not contain any extrinsic averments showing in what manner it was capable of being used; especially where it shows on its face that, if accepted as true by a disbursing agent empowered to issue pay checks, it might work a fraud upon the agent or the company.

Appeal from a judgment of the superior court for King county, Ronald, J., entered April 26, 1913, upon a trial and conviction of forgery.    Affirmed.

*Leola May Blinn* and *Ivan L. Blair*, for appellant.

*John F. Murphy, Crawford E. White*, and *Reah M. Whitehead*, for respondent.

FULLERTON, J.—The appellant, defendant below, was informed against by the prosecuting attorney of King county for the crime of forgery in the first degree.    At the trial, the jury returned a verdict finding him guilty as charged. Thereafter he moved in arrest of judgment, basing his motion on the ground that the facts stated in the information did not constitute a crime.    The motion was overruled, and on the verdict of guilty he was adjudged guilty, and sentenced to a term of years in the state penitentiary.    This

[1]Reported in 137 Pac. 1008.

appeal is from the judgment and sentence pronounced upon him.

The information upon which the appellant was tried and convicted, omitting the formal parts, is as follows:

"I, John F. Murphy, prosecuting attorney in and for the county of King, state of Washington, come now here in the name of and by the authority of the state of Washington, and by this information do accuse A. W. Smith of the crime of forgery in the first degree, committed as follows, to wit:

"He, said A. W. Smith, in the county of King, state of Washington, on the 11th day of February, 1913, with intent to defraud, did then and there unlawfully and feloniously, well knowing the same to be forged, utter, offer, dispose of and put off as true to one J. B. A. Johnson, a certain false and forged instrument or writing, of the following tenor and effect, to wit:

Great Northern Railway Co.
Certificate of Identification.

Issue for the month of Feby 1913, Cascade Division, Section Gang No. 325 Working No. Seven

Signature of Workman:                    Dan Armstrong,
          John Hauser.                            Foreman.

A certificate in this form may be issued to any workman, whether there is a balance due him or not, and is to be used as a means of identifying the workman to any agent who may be called upon for delivery of any pay-check or time-voucher which may be claimed.

The signature of the party calling for a pay-check or time-voucher should correspond to the signature of the workman in the space indicated above, which must be made in the presence of the foreman.

said instrument of writing then and there being an instrument or writing for the identification of a person, to wit, John Hauser:

"Contrary to the statute in such case made and provided, and against the peace and dignity of the state of Washington."

The single question suggested in this court is the sufficiency of the information. It is argued that the instrument alleged to have been forged is not one showing upon its face that it is capable of effecting a fraud, and hence extrinsic averments should have been made, showing how, and in what manner, a fraud could have been effected thereby. But while the rule contended for is, perhaps, applicable to instru-

ments not specifically enumerated in the statute as being the subject of forgery, it has no application, we think, to instruments so specially enumerated. Stated in another way, if the instrument alleged to have been forged appears on its face to be one specifically prohibited to be forged by the statute, and it appears that it is capable of being used to defraud some person, it is sufficient to allege the forgery of the instrument without extrinsic averments showing in what manner it is capable of being so used. *Commonwealth v. White,* 145 Mass. 392, 14 N. E. 611; *People v. Johnson,* 7 Cal. App. 127, 93 Pac. 1042. The instrument here alleged to have been forged shows on its face that it is a "writing or instrument for the identification of a person," and as such is one specially mentioned in the statute as being capable of forgery. Rem. & Bal. Code, § 2583 (P. C. 135 § 659). That the instrument might be used to work a fraud is also apparent. It is alleged that the instrument was uttered and put off as true to one J. B. A. Johnson. If Johnson was a disbursing agent empowered to issue pay checks or time vouchers of the Great Northern Railway Company, it is easy to see how some such instrument properly issuable to John Hauser might have been thereby obtained from Johnson by the forger of the instrument. The instrument might, if accepted as true, work a fraud either upon Johnson or the Great Northern Railway Company, and the information is thus sufficiently full to meet the requirements of the law.

The judgment is affirmed.

CROW, C. J., MOUNT, PARKER, and MORRIS, JJ., concur.