[No. 9,109.    Department One.—December 20, 1884.]

## GEORGE W. SCHELL, APPELLANT, v. S. I. SIMON ET AL., RESPONDENTS.

LEASE ON SHARES—GROWING CROPS—TENANTS IN COMMON.—Where land is rented on shares, a purchaser at execution sale of the landlord's interest in the growing crops becomes a tenant in common therein with the lessee; and after notice of the purchase, the lessee cannot deliver the share of the crop reserved as rent to the original lessor.

APPEAL from a judgment of the Superior Court of Merced County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

J. K. Law, and T. B. Bond, for Appellant.

Bennett & Wigginton, and Frank H. Farrar, for Respondents.

MORRISON, C. J.—This is a controversy respecting the ownership of a quantity of wheat, barley, and hay, the product of certain lands situate in the county of Merced. The lands are described in the complaint as the west half of the southeast quarter, and the southwest quarter of section eighteen, and the fractional northwest quarter of section nineteen, all in township four, south of range fourteen, east of Mount Diablo base and

meridian.   The plaintiff claimed the property involved in the action, under a title said to have been derived from one Frank Larkin, and the claim of defendants thereto rested on a title derived from one Frank H. Larkin, the son of Frank Larkin. The grain was threshed by one Wilson, the employee of the defendants, and was removed from the field to the warehouse of the defendants.   This was done against the protest and remonstrance of plaintiff, and the only question for decision relates to the ownership of the property.   The findings of the court are all in favor of defendants, and if they are supported by the evidence, the judgment must stand affirmed.

The plaintiff, to make out his title, introduced in evidence the papers in an action wherein he was plaintiff and Frank Larkin defendant, in which an attachment was issued on the 11th day of December, 1879, and levied on the land above described, together with the crops growing thereon, on the 12th day of December, 1879.   The case went to judgment in favor of the plaintiff, and by virtue of an execution issued thereon, the sheriff of the county sold said growing crops to plaintiff on the 1st day of June, 1880.   Plaintiff also introduced in evidence a mortgage on the foregoing described land, from Frank Larkin to one Ferry, and by him, Ferry, assigned to plaintiff, which said mortgage was recorded on the 17th day of December, 1875, was foreclosed, and the property sold under such foreclosure to plaintiff on the 14th day of June, 1880.   Defendants, to prove their title, introduced in evidence a mortgage from Frank H. Larkin to three-fourths of the crops, etc., growing on the land, bearing date January 31, 1880.   It was further shown on the trial of the case, that the lands on which the crops were raised belonged to the father, Frank Larkin, but had been cultivated for two or three years by the son, Frank H., at a yearly rental of one-fourth of what was grown upon the land.   That he, Frank H., was in possession of the growing crops ; that he sold them to the defendants, and assisted them in removing the crops from the field to the possession of the defendants.

By the purchase of the Frank Larkin interest in the growing crops, which, it is admitted, was an interest of one-fourth, the plaintiff became interested in the property as a tenant in common with Frank H. Larkin.   All the parties in interest had

notice of the fact of the purchase, and it is no answer to the plaintiff's claim to say that Frank Larkin took this one-fourth interest, which previously belonged to him at the time the grain was threshed. He had no more right to take any of the grain than a mere stranger or trespasser would have had, and there is no reason why the quantity of grain taken by him should be charged against the plaintiff's interest in the crops. We think that the plaintiff was entitled to at least one-fourth of the crops harvested and taken possession of by the defendants; and this, too, is upon the assumption that the arrangement between the father and son for cultivating the land was made in good faith, and not with intent to cheat and defraud the creditors of the former.

We say that the plaintiff was entitled to recover one-fourth, *at least,* of the grain harvested by the defendants; and if it should appear from the evidence that the one-fourth taken by the father was so taken with the knowledge and consent of Frank H. Larkin, and also with the knowledge and consent of the defendants, then the plaintiff is entitled to one-third of the three-fourths taken by defendants.

Motion to dismiss appeal denied.

Judgment and order reversed, and cause remanded for a new trial.

Ross, J., and MYRICK, J., concurred.