[No. 20428. In Bank.—December 10, 1888.]

## THE PEOPLE, RESPONDENT, *v.* W. B. TODD, APPELLANT.

CRIMINAL LAW — FORGERY OF WILL — INDICTMENT — MATTERS ALIUNDE. — When a forged will appears to be valid and of legal efficacy upon its face, it is not necessary in an indictment for the forgery, framed in conformity to section 470 of the Penal Code, to allege matters *aliunde* to show in what manner the person alleged to have been injured could be affected by the forgery, nor the fact that the testator had property to bequeath. Such matters are mere matters of evidence. It is only necessary to allege matters *aliunde*, when such matters are essential to constitute the crime of forging an instrument which is invalid upon its face.

APPEAL from a judgment of the Superior Court of Alameda County.

The facts are stated in the opinion.

*Taylor & Craig*, for Appellant, cited *People* v. *Tomlinson*, 35 Cal. 503; *People* v. *Ah Sam*, 41 Cal. 645; 1 Wharton's Precedents of Indictments, 266; 2 Bishop's Criminal Procedure, sec. 277; Pen. Code, sec. 470.

*Attorney-General Johnson*, for Respondent, cited Pen. Code, sec. 470; *People* v. *Ah Woo*, 28 Cal. 205; *People* v. *Frank*, 28 Cal. 507; *Ex parte Finley*, 66 Cal. 262; 2 Bishop's Criminal Procedure, secs. 400, 418 a.

FOOTE, C.—The defendant was convicted of a forgery of a will, and from the judgment rendered against him this appeal is prosecuted.

The only point made for the reversal of the judgment is, that the court erred in not sustaining the defendant's demurrer to the indictment. It is claimed that it did not state facts sufficient to constitute a public offense.

To sustain this contention, the defendant asserts that the alleged forged will, which is set out in the indictment, does not show upon its face in what way Minerva J. Todd, the wife of the testator, the person alleged to have been injured, could be affected by the forging of the will, and offering it for probate, nor the fact that the testator had any property to bequeath, and that the indictment does not set out those extrinsic facts.

The will is a valid one upon its face, and it purports to give and bequeath an estate to Minerva J. Todd and the defendant. Whether or not the testator had any estate as a matter of fact, or whether Minerva J. Todd, as his wife, occupied such a relation toward him as that a bequest of certain of his property to Walter B. Todd would result in her injury by reason of the fact that if the forgery of the will had been undiscovered she would have received a smaller part of the estate than she would otherwise, are extrinsic facts, which it was not necessary to set out in the indictment, as they were mere matters of evidence which would tend to prove or disprove the intention to defraud and to commit forgery, and were admissible as such under the allegations of the indictment, which was sufficient under section 470 of the Penal Code.

There is nothing in the case of *People* v. *Tomlinson*, 35 Cal. 506, which conflicts with this view of the law.

That was a case where the alleged forged instrument was invalid on its face, and it was held that in such a case the indictment for forgery should have stated matters *aliunde*, which, added to the face of the instrument, would constitute the alleged crime.

Here the will is valid upon its face, and if unchallenged, would, according to its apparent legal character, have invested the defendant with an estate. The injury done to Minerva J. Todd, who was named as a legatee in the forged will, depended upon whether or not the testator had any estate, and whether, if he had any, the bequest to the defendant, if valid, would have reduced her share of it. These facts were matters of proof, and went to show whether or not the intent to defraud and injure existed, or the contrary, but they were not necessary allegations in the indictment to show the validity of the will on its face. The "legal character" of the instrument once established, as was shown, by setting out the apparent will, extrinsic facts were to be proved, but it was not necessary to allege them in the indictment.

The indictment is framed in strict conformity to section 470 of the Penal Code, and the alleged forged instrument set out therein is valid upon its face, therefore the indictment was sufficient.

In *People* v. *Ah Woo*, 28 Cal. 212, it was said by the appellate court: "So far as it is claimed that the indictment fails to show in what manner Ah You was or could be defrauded by the transaction, it is sufficient to say that all that is matter of evidence. The charge is direct that the transfer was made with intent to defraud Ah You, which is sufficient so far as the indictment is concerned."

In *Ex parte Finley*, 66 Cal. 263, the court declares that "the rule does not require that the indictment or information shall contain an express allegation of the

existence of every fact the existence of which is as-
sumed in the forged instrument.   It is enough if the
writing is one which, if genuine, might apparently be of
legal efficacy."   In 2 Bishop's Criminal Procedure, secs.
400–418, the same view of the law is upheld.

We therefore advise that the judgment be affirmed.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing
opinion, the judgment is affirmed.