[No. 20798. In Bank. — October 1, 1891.]

# THE PEOPLE, RESPONDENT, v. W. R. BIBBY, APPELLANT.

CRIMINAL LAW — FORGERY — ORDER FOR REQUISITION FOR SCHOOL-WARRANT. — The forging of an order of the trustees of a school district upon the county superintendent of schools for a requisition upon the county auditor for a warrant against the county school fund, is an offense within the meaning of section 470 of the Penal Code, defining the crime of forgery.

ID. — INSTRUMENT SUSCEPTIBLE OF FRAUDULENT USE. — An instrument which appears to be valid upon its face, and which, if genuine, has a value, and may be used to consummate a fraud, may be the subject of a forgery, although other steps must be taken or other proceedings had upon the basis of it before it can have effect.

ID. — PLEADING — BILL OF ITEMS ACCOMPANYING ORDER. — A bill of items is no part of an order of the trustees of a school district upon a county superintendent for a requisition upon the auditor for a warrant, and is only required to accompany the order when a requisition is demanded from the county superintendent; and an information charging the forgery of such an order need not allege that the order was accompanied by a bill of items.

ID. — FACTS ASSUMED IN FORGED ORDER — EXISTENCE OF SCHOOL DISTRICT — OFFICIAL CHARACTER OF TRUSTEES. — The order charged to have been forged being valid upon its face, it was not necessary to allege the facts assumed in the forged order, such as the existence of the school district or the fact that the trustees whose names were signed to the order were trustees of such district.

ID. — EVIDENCE — OTHER ORDERS SIGNED BY DEFENDANT — COMPARISON OF HANDWRITING. — Upon the trial of a defendant charged with the forgery of an order upon a county superintendent of schools, other orders of the same general character, proved to be in the handwriting of the defendant, are admissible in evidence for the purpose of determining by comparison whether defendant was the forger of the order recited in the information.

ID. — FORGERY OF OTHER ORDERS — GUILTY KNOWLEDGE. — It seems that evidence of the forgery of other orders of the same character, and at about the same time, by the accused, in the line of a systematic course of conduct, would be admissible for the purpose of showing the guilty knowledge of the accused when he passed the forged order relied upon.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*S. J. Hinds,* and *Hinds & Merriam,* for Appellant.

The instrument claimed to have been forged was not one the forgery of which is a crime under our statute.

(Pen. Code, sec. 470.)   The order was illegal upon its
face.   (Pol. Code, sec. 1543, subd. 4.)   Forgery is defined
to be the signing by one without authority, and falsely,
and with intent to defraud, the name of another to an
instrument, which, if genuine, might apparently be of
legal efficacy or the foundation of a legal liability.   (*State*
v. *Thompson,* 19 Iowa, 299; *Waterman* v. *State,* 67 Ill. 91.)
The forgery was incomplete.   The defendant should
have forged a bill of items, or at least have forged the
names of the trustees to an instrument which had a bill
of items accompanying it; then, with the bill of items,
he would have been in a position to have imposed on
the county.   The information sets forth that he forged
a certain writing, and then gives the writing in full.
That writing is incomplete without an accompanying
bill of items.   (*People* v. *Tomlinson,* 35 Cal. 503; *Cunning-
ham* v. *People,* 4 Hun, 455; *Brown* v. *People,* 86 Ill. 239;
29 Am. Rep. 25; 2 Bishop's Crim. Law, 2d ed., 442–447;
1 Wharton's Crim. Law, 8th ed., sec. 696; *People* v. *Shall,*
9 Cow. 778.   See note to *Arnold* v. *Cost,* 22 Am. Dec.
314, 315.)   The information does not allege that the or-
der was accompanied by a bill of items, and there was
no proof offered to show that any such bill of items did
in fact accompany the alleged forged order.   (2 Bishop's
Crim. Law, 2d ed., 448; *Brown* v. *People,* 86 Ill. 239; 29
Am. Rep. 25; *Reed* v. *State,* 28 Ind. 396; *Abbott* v. *Rose,* 62
Me. 194; 16 Am. Rep. 427.   See also note to *Arnold* v. *Cost,*
22 Am. Dec. 314, 315; *People* v. *Tomlinson,* 35 Cal. 503.)

*Attorney-General Hart,* and *Deputy Attorney-General
Layson,* for Respondent.

School-warrants or orders for warrants are subjects of
forgery.   (*Claiborne* v. *State,* 51 Ark. 91; *Ball* v. *State,*
48 Ark. 98; *Crain* v. *State,* 45 Ark. 450; *Langdale* v. *Peo-
ple,* 100 Ill. 263; *Mee* v. *State,* 23 Tex. App. 566.)   The
instrument is good on its face, and that is sufficient,
though it were invalid in fact.   (2 Bishop's Crim. Law,
secs. 533, 541; *Ex parte Finley,* 66 Cal. 264; *People* v. *Todd,*
77 Cal. 466; *Regina* v. *Ritson,* 39 L. J. M. C. 10; *Jones* v.

*State*, 50 Ala. 161.) The instrument being regular on its face, it was immaterial whether or not the bill of items accompanied it. Documents regular on their face are presumed to have been properly executed, and to have undergone all formalities essential to their validity. (Lawson on Presumptive Evidence, p. 82, rule 18; *United States* v. *Dandridge*, 12 Wheat. 64; 1 Phillipps on Evidence, 604; *People* v. *Frank*, 28 Cal. 514; 1 Wharton's Crim. Law, 9th ed., sec. 695.) The information is in the language of the statute, and is sufficient. (*People* v. *Harrold*, 84 Cal. 570; *Luttrell* v. *State*, 85 Tenn. 232; 4 Am. St. Rep. 760; Am. Dig., p. 1610, subd. 9; Pen. Code, sec. 959, subd. 7; *People* v. *Mahlman*, 82 Cal. 585.) Defendant was not prejudiced by showing other forged orders. They were admissible for the purpose for which introduced, also to show guilty knowledge. (*People* v. *Frank*, 28 Cal. 507; 2 Mew's Common Law Digest, 1875; 3 Jacob's Fisher's Digest, 3295; 8 Am. & Eng. Ency. of Law, 530, b.)

GAROUTTE, J. — This is an appeal from a judgment of conviction for the crime of forgery, and also from the order denying defendant's motion for a new trial.

The defendant was the deputy county superintendent of schools of Fresno County, and the information charged him with forging, uttering, and passing, with intent to defraud the First National Bank of Fresno, a certain writing of the following tenor, to wit: —

"Order upon the county superintendent of public schools No. 3, October 23, 1889.

"The county superintendent of public schools of Fresno County will draw a requisition on the county auditor against the county school fund, in favor of B. N. Colwell, or order, to the amount of $120, for material and work from —— to ——, during the present school year, in the Pleasant Valley school district, monthly salary of teacher, $——.                    "T. T. BARNES,
                                                 "J. W. Cox,
          "School Trustees of Pleasant Valley District.
"$120."

The defendant filed a demurrer to the information upon various grounds, which demurrer was overruled; he also moved an arrest of judgment for the same reasons, which motion was denied.

Section 470 of the Penal Code is very broad in its terms, and we think sufficiently broad to include the offense of forging an order of the trustees of a school district upon the county superintendent of schools for a requisition upon the auditor for a county warrant.

Appellant contends that the order is illegal upon its face, for the reason that it does not appear by the information that it was accompanied by a bill of items; that such an order is worthless paper, save for the purpose of forming a foundation upon which to issue a requisition to the auditor for a county warrant; and that no requisition could issue in this case, because the order was not accompanied by a bill of items. Section 1543, subdivision 3, of the Political Code, in stating the duties of the county superintendent of schools, provides, among other things: "No requisition shall be drawn unless the money is in the fund to pay it; and no requisition shall be drawn upon the order of the board of trustees against the county fund of any district, except for teachers' salaries, unless such order is accompanied by an itemized bill showing the separate items, and the price of each, in payment for which the order is drawn," etc. Appellant's contention cannot be supported. The case at bar in this regard bears a striking likeness to the Hawkeswood case (2 East P. C. 955.) Hawkeswood was indicted for forgery of a bill of exchange, and objection was taken, that, not being stamped, it was no bill of exchange, and that this was an objection apparent upon the face of it; and no person could be deceived or defrauded thereby, unless he took it without looking at it, which would be gross negligence. The court held that as the stamp act was merely a revenue law, and did not purport in any way to alter the crime of forgery, and as the false instrument had the semblance of a bill of exchange, and was negotiated by the person as such,

the conviction was proper. The judgment being respited, all the judges were of opinion that "the prisoner was properly convicted; for the stamp act, in saying that a bill without a stamp shall not be pleaded or given in evidence, or available in law or equity, means only that it shall not be made use of to recover the debt, *and besides, the holder might get it stamped after it was made.*" In *Commonwealth* v. *Costello*, 120 Mass. 367, where the defendant was charged with forging a bond to be used for the purpose of dissolving an attachment, the court held that an instrument falsely made with intent to defraud is a forgery, although if it had been genuine, other steps must have been taken before the instrument would have been perfected, and those steps were not taken. It was contended that the bond was worthless upon its face, as it was not approved, and until approved, could not serve to dissolve the attachment. The court said: "It is true that the false making of an instrument merely frivolous, or one which upon its face is clearly void, is not forgery, because from its character it could not have operated to defraud, or been intended for that purpose; but if the instrument is one made with intent to defraud, although before it can have effect other steps must be taken, or other proceedings had upon the basis of it, then the false making is a forgery, notwithstanding such steps may never have been taken or proceedings had." In *Ex parte Finley*, 66 Cal. 264, the defendant was convicted of forging a decree of divorce, and it was held that the information was sufficient, without averring a marriage of the parties to the forged decree, as "on its face the writing shows that it may have been used to consummate a fraud." In *People* v. *Todd*, 77 Cal. 464, where the defendant was charged with forging a will, upon demurrer it was held not necessary to state in the indictment that the testator had property that might have been affected by the will. Appellant's views are not supported by the case of *People* v. *Tomlinson*, 35 Cal. 503. The instrument alleged in that case to have been forged was a *nudum pactum*, and

so appeared by its face; and after citing many authorities, the court said: "These cases establish the doctrine that, to constitute forgery, the forged instrument must be one which, if genuine, may injure another." We think the present cause comes clearly within the foregoing rule. The order is a valid order upon its face; it fulfills every requirement of the law, and if genuine, would have a distinct, well-defined value. A bill of items is no part of the order, and is only required to accompany the order when a requisition is demanded from the county superintendent; at that time, and only at that time, has the bill of items any value. The county superintendent of schools is prohibited from drawing the requisition until there is money in the fund of the school district. The inhibition in this regard is equally as strict as in drawing a requisition without the bill of items; yet, could it be contended that the order of the board of trustees could not be forged because there was no money in the fund? This order is certainly as valid for the purposes of a forgery as a bill of exchange without a stamp, or a bond without the approval of the court. If genuine, it has a value; for if issued by the board of trustees to the proper party without an accompanying bill of items, no reason is apparent why legal proceedings could not be taken by the holder of the order to compel the furnishing of a proper bill by such board in case of a refusal. We conclude that the information was sufficient, the instrument being a valid instrument upon its face, and that it was neither necessary to allege nor prove that a bill of items accompanied the order.

The instrument being valid upon its face, it was not necessary to allege the existence of Pleasant Valley school district, or the fact that T. T. Barnes and J. W. Cox were trustees of such district. In *Ex parte Finley,* 66 Cal. 264, the court declared that "the rule does not require that the indictment or information shall contain an express allegation of the existence of every fact the existence of which is assumed in the forged instrument.

It is enough if the writing is one which, if genuine, might apparently be of legal efficacy."

Appellant complains of the conduct of the prosecution in introducing before the jury other orders of the same general character as the one set out in the information herein. Having proven those orders to have been in the handwriting of defendant, there was no valid objection to their admissibility as evidence to be considered by the jury, for the purpose of determining by comparison whether the defendant was the forger of the order recited in the information. While those orders may have, unfortunately to the defendant, demonstrated his ample capabilities in the line of the creation of spurious paper, still, that fact afforded no legal objection to their admissibility as evidence of his handwriting, and it was upon this ground alone, as stated by the district attorney at the time, that they were offered and received in evidence. Aside from the foregoing reasons, it would seem the evidence of the forgery of other orders of the same character, and at about the same time, by appellant, in the line of a systematic course of conduct, would be admissible for the purpose of showing the guilty knowledge of appellant when he passed the forged order relied upon in this case. (*People* v. *Frank*, 28 Cal. 515; *People* v. *Gray*, 66 Cal. 276; 2 Russell on Crimes, 404.)

Let the judgment and order be affirmed.

DE HAVEN, J., HARRISON, J., PATERSON, J., and SHARP-STEIN, J., concurred.