[No. 21096. Department One.—June 25, 1894.]

## THE PEOPLE, APPELLANT, v. H. M. LEONARD, RESPONDENT.

CRIMINAL LAW—FALSE ENTRIES IN BOOKS OF BANK—SUFFICIENCY OF INDICTMENT—MATTER OF EVIDENCE.—An indictment charging that the director of a bank, with intent to defraud a corporation, in a specified sum, did willfully, unlawfully, and feloniously make in a certain record, known as a "note register," certain false entries, which are set out *in hæc verba*, sufficiently charges that each and all of the entries set out were false; and it is not necessary to set out how the entries could have resulted in defrauding the bank, which is purely a matter of evidence under the allegation that they were made with intent to defraud, and the indictment is sufficient to put the defendant upon his trial.

APPEAL from an order of the Superior Court of Santa Clara County sustaining a demurrer to an indictment.

The facts are stated in the opinion of the court.

*V. A. Scheller,* and *E. E. Cothran,* for Appellant.

The indictment is sufficient. It was not necessary to plead any thing *aliunde* the alleged false entries for the purpose of showing how the bank could have been defrauded by the making of such false entries. (*People* v. *Ah Woo,* 28 Cal. 205; *Ex parte Finley,* 66 Cal. 262; *People* v. *Bibby,* 91 Cal. 475, 476; *People* v. *Harrold,* 84 Cal. 567; *People* v. *Munroe,* 100 Cal. 664; 38 Am. St. Rep. 323; *Harrington* v. *State,* 54 Miss. 490; *Brown* v. *People,* 86 Ill. 239; 29 Am. Rep. 25; *Commonwealth* v. *Beamish,* 81 Pa. St. 389; *Phelps* v. *People,* 72 N. Y. 365; 2 Wharton's Criminal Law, sec. 1431; 1 Roscoe's Criminal Evidence, 8th ed., sec. 462.)

*Moorehouse, Tuttle & Richards,* for Respondent.

The indictment is insufficient, as nothing appears upon its face showing wherein the alleged false entries are false, or how they could deceive or defraud any one. (*United States* v. *Graves,* 53 Fed. Rep. 634; *People* v. *McKenna,* 81 Cal. 158; *People* v. *Neil,* 91 Cal. 465; *United States* v. *Simmons,* 96 U. S. 360; Bishop's Criminal Procedure, secs. 326, 519, 626.)

GAROUTTE, J.—This is an appeal by the people from an order of the superior court sustaining defendant's demurrer to the indictment. The indictment charged that the defendant was a director, officer, manager, and servant of the Bank of Santa Clara County, a corporation, etc., and as such officer, etc., "there then and there came, and was under his control and possession, a certain record known as a 'note register,' which said record was then and there the property of and kept by the said corporation, and the said H. M. Leonard, while said record was so in his possession and under his control, by virtue of his trust as such director, etc., then and there, to wit, on the thirty-first day of October, 1892, with intent in him, the said H. M. Leonard, to defraud the said corporation in the sum of three thousand dollars, did will-

fully, unlawfully, and feloniously make in the said record
the following false entries, to wit:

| Number. | Date. | Maker. | Amount. |
|---------|-------|--------|---------|
| 275 | Oct. 31, 1892. | Sloan. | $3,000.00 |

Section 563 of the Penal Code provides: "Every direc-
tor, officer, or agent of any corporation . . . . who, with
intent to defraud, . . . . makes any false entries in any
book of accounts or other record or document kept by
such corporation or association, is punishable by im-
prisonment in the state prison not less than three nor
more than ten years." . . . . The indictment in this case
was framed under the foregoing section, and we see no
objection that can be made to it. It is urged by respond-
ent that nothing is shown by its face indicating wherein
the entry is false. There is no merit in this contention,
for the indictment sets out *in hæc verba* the entries made
by the defendant, and alleges that they were false entries.
If they were false, that is, unauthorized by any existing
facts, then they were each and all false, and the allega-
tion is exactly in line with the statute. It is claimed
that, conceding the entry to be false, still it was not
such an entry as could result in defrauding the bank.
The indictment clearly shows that no honest man
guided the pen that made these entries. They were
made through no mistake of fact. They were not only
false, but criminally false, for they were made with in-
tent to defraud. It is not necessary to set out how these
entries could have resulted in defrauding the bank.
That is purely a matter of evidence. In all penal stat-
utes, where the offense is one requiring the act to be
done with a certain intention, as burglary, forgery, and
obtaining property by false pretenses, it is only neces-
sary in the accusing paper to set out what the defendant
actually did, and that he did it with a certain intent. It
is not necessary, therefore, to state facts showing how he
could have successfully carried out his nefarious schemes
and intentions of defrauding some one. If those mat-

ters are material to the case, they are only material as evidence tending to support the charge made.

The case of *People* v. *Ah Woo*, 28 Cal. 211, is in direct support of these views.   That was a case of forgery, and the court said: " So far as it is claimed that the indictment fails to show in what manner Ah You was or could be defrauded by the transaction, it is sufficient to say that all that is matter of evidence.   The charge is direct.   The transfer was made with intent to defraud Ah You, which is sufficient so far as the indictment is concerned.   It may have been passed as security for a loan.   All this is to be proved, but need not be alleged." In *People* v. *Palmer*, 53 Cal. 615, if the indictment had stated in terms the false entry made by the defendant, it then would have been similar to the one here involved, and would have been sustained by the court, as is clearly evidenced by the opinion in that case.   If it was apparent from the face of this indictment that these entries were such that under no possible state of circumstances could they have resulted in a fraud upon the corporation, respondent's contention would have force, but such is not the fact.   If these entries were quotations of scripture or poetry it would be evident the indictment could not stand, for the case would then be in the same position as if it had been attempted to make a *nudum pactum* the subject of forgery.   But, by inspection of these false entries, we cannot say that they could not have resulted in defrauding the bank, and hence we cannot say they are not sufficient to form the basis of a charge of the character here involved.   This question is quite fully discussed in *People* v. *Munroe*, 100 Cal. 664; 38 Am. St. Rep. 323.

In conclusion, we say the defendant has no cause of complaint against the indictment.   He cannot be misled by it, for it is so direct and certain that he knows exactly the charge he will be called upon to meet at the trial of the case.   The indictment charges him with falsely making certain entries in the books of the corporation with a fraudulent intent.   The entries are set

out in terms.. He knows exactly what the prosecution
will be required to prove, and what defense he should·
be prepared to make. We think the indictment suffi-
cient to put him upon his trial.

For the foregoing reasons, the order sustaining the
demurrer is reversed, and the cause remanded. .

HARRISON, J., and VAN FLEET, J., concurred.