[Crim. Nos. 402 and 405. Department Two.—July 21, 1898.]

THE PEOPLE, Appellant, v. IDA LONG, Respondent. THE PEOPLE, Appellant, v. MRS. S. C. LONG, Respondent.

CRIMINAL LAW—ORDER SUSTAINING DEMURRER TO INDICTMENT—RECORD UPON APPEAL—MINUTES.—Upon an appeal by the people from an order sustaining a demurrer to an indictment, the provision of section 1207 of the Penal Code, making the minutes of the court a part of the judgment-roll upon appeal from a judgment of conviction, has no application; and exceptions merely noted in the minutes cannot be reviewed upon appeal from such order.

ID.—BILL OF EXCEPTIONS.—There is no provision for a judgment-roll or for a record of any kind upon an appeal from an order sustaining a demurrer to an indictment, otherwise than through a bill of exceptions, under sections 1172 and 1174 of the Penal Code; and conceding that such an order when entered in the minutes is in the nature of a final judgment, where the indictment is ordered resubmitted, a bill of exceptions is the exclusive mode of obtaining a review thereof upon an appeal by the people.

APPEAL by the people from orders of the Superior Court of Riverside County sustaining demurrers to two several indictments for perjury. J. S. Noyes, Judge.

The facts are stated in the opinion of the court.

W. F. Fitzgerald, Attorney General, Charles H. Jackson, Deputy Attorney General, and L. Gill, District Attorney, for Appellants.

Charles R. Gray, for Respondents.

TEMPLE, J.—These two appeals involve the same questions, presented upon facts in all respects similar. Each is taken from an order sustaining a demurrer to an indictment for perjury.

There are no bills of exceptions in the transcript, and respondents make the point that there are here no records upon which the appeals can be heard.

There does not seem to be any judgment-roll or record in a criminal case except upon conviction. (Pen. Code, sec. 1207.) It is by virtue of that section only, making the minutes of the court a part of the judgment-roll, that the minutes get into and become a part of the record on appeal. Section 1007 of the

Penal Code provides that upon a demurrer being submitted the court shall give judgment either allowing or sustaining it, and an order to that effect shall be entered upon the minutes. Conceding that this order can be regarded as a final judgment in a case like this, where the case is ordered to be resubmitted, the statute does not provide for a judgment-roll or a record of any kind, except through a bill of exceptions. If the order is a judgment, still the exceptions to the ruling, though properly enough entered in the minutes, are not a part of the judgment rendered by the court.

Sections 1172 and 1174 of the Penal Code provide for exceptions and for a bill of exceptions to this very ruling. It may well be held that these provisions are exclusive of any other mode of obtaining a review, even when there is a judgment-roll. But however that may be, there can be no possible doubt about it in a case like this, where there is no other mode provided for a record upon appeal.

There being no legal record from which we can determine whether the court erred, the orders or portions of the orders appealed from are affirmed in each case.

McFarland, J., and Henshaw, J., concurred.