121   633
139   163

---

[Crim. No. 447.   In Bank.—August 10, 1898.]

## THE PEOPLE, Respondent, v. GEORGE W. CLARK, Appellant.

CRIMINAL LAW—CONVICTION OF MURDER—APPEAL—ABSENCE OF ARGUMENT.— Upon submission by the attorney general without argument of an appeal from a conviction of murder in the first degree and a judgment of death, there being no argument or brief of counsel for the appellant, the appellate court will examine the transcript to determine whether error appears in the record.

ID.—ABSENCE OF EVIDENCE—REFUSAL OF REQUESTED INSTRUCTIONS—PRESUMPTION.—In the absence of the evidence, the refusal of abstractly correct instructions requested by the defendant upon the subject of insanity, and upon other subjects, must be presumed to have been upon the ground that they were not pertinent to any question of fact before the jury; and it cannot be said that their refusal was improper, or in any way prejudicial to the defendant's rights.

APPEAL from a judgment of the Superior Court of Napa County and from an order denying a new trial.   E. D. Ham, Judge.

The facts are stated in the opinion of the court.

C. J. Beerstetcher, Henry Hogan, and E. L. Webber, for Appellant.

· W. F. Fitzgerald, Attorney General, for Respondent.

VAN FLEET, J.—This appeal is by the defendant from a judgment convicting him of murder in the first degree, and adjudging him to suffer death.

Apparently, the appeal has been practically abandoned, since appellant's counsel have filed no brief in its support, nor did

they appear on the day the cause was set for argument, to make an oral presentation, or offer any reason or suggestion against the affirmance of the judgment. By reason of this fact, the cause was, on motion of the attorney general, ordered submitted on the transcript, and that alone is presented for our consideration. It is not an agreeable task for the court, in undertaking to review a case involving the gravity of capital punishment, to be compelled to resort to the naked record, wholly unaided by counsel, in the effort to determine whether a defendant has been accorded in all respects that fair and impartial hearing and protection in all his rights guaranteed him by the constitution and the law. Nevertheless, we have never been willing, as in cases of lesser felonies, to affirm a judgment of death without looking into the record, by reason of the absence of such aid. We may safely assume, however, that the failure of counsel to appear in this case arises solely from their conviction that the appeal involves no question of merit which they could conscientiously urge upon the court; and this view is in accord with the results of our own investigation of the record.

The appeal being from the judgment alone, without a bill of exceptions, brings up simply the judgment-roll, and presents for review only the sufficiency of the information, any errors disclosed in the minutes, and the propriety of the instructions given and refused. The information is a model of simplicity and wholly free from objection; and the minutes disclose nothing violative of the defendant's rights. The only matter in the record calculated to arrest attention is the refusal of the trial court to give certain instructions requested by the defendant. Several of these bear upon the subject of insanity as a defense, and would appear, as abstract statements of the law, to be unobjectionable in form. As such, the defendant in a proper case would be entitled to have them submitted to the jury; but, unfortunately for the defendant, we cannot say upon the record before us that there was error in their refusal. The evidence is not in the record, and there is, therefore, nothing to show that such a defense was made, or that there was any such question in the case. In the absence of such showing we must and will presume that these instructions were rejected by the trial court as not pertinent to any question of fact before the jury.

The same is true of one or two requests upon other subjects; it cannot be determined from the record that their refusal was improper, or in any way prejudicial to the defendant's rights.

It results that the record discloses no error justifying a disturbance of the judgment, and the judgment must therefore be affirmed.

It is so ordered.

Garoutte, J., Harrison, J., McFarland, J., Temple, J., Henshaw, J., and Beatty, C. J., concurred.