[Crim. No. 6.    Third Appellate District.—January 24, 1906.]

THE PEOPLE, Respondent, v. SING, Appellant.

CRIMINAL LAW—APPEAL—ABSENCE OF APPEARANCE FOR APPELLANT— EXAMINATION OF TRANSCRIPT.—Except in criminal cases involving capital punishment, the appellate court will not examine the transcript for errors of law, in the absence of any brief or appearance of counsel for the appellant.

APPEAL from a judgment of the Superior Court of Butte County. John C. Gray, Judge.

The facts are stated in the opinion of the court.

No Appearance for Appellant.

U. S. Webb, Attorney General, for Respondent.

CHIPMAN, P. J.—Information for rape upon a female child under the age of sixteen. Defendant was convicted and sentenced to twenty years' imprisonment at San Quentin. The transcript was filed February 25, 1905, and the cause has been placed upon three different calendars of this court. Defendant has made no appearance, and has filed no brief. The attorney general, at the calling of the case for the January calendar, asked that the cause be submitted on the transcript and that the judgment be affirmed. We have given the evidence a careful examination and are satisfied that there was sufficient to justify the jury in finding the defendant guilty as charged. We do not feel called upon to examine the record for errors of law. In a case involving capital punishment the supreme court has felt itself under some duty to examine the record, in the absence of aid by counsel by brief, or in case of failure of counsel to appear. In cases of lesser felonies, however, we understand the practice is otherwise. (*People* v. *Clark,* 121 Cal. 633, [54 Pac. 147].) In the case of *People* v. *Busby,* 113 Cal. 181, [45 Pac. 191], the judgment was affirmed in a murder case where the penalty was life imprisonment, for want of appearance or brief in behalf of defendant, without an examination of the record.

The judgment is affirmed.

Buckles, J., and McLaughlin, J., concurred.