[Crim. No. 35.  First Appellate District.—June 14, 1906.]

THE PEOPLE, Appellant, v. D. O. DRUFFEL, Respondent.

CRIMINAL LAW—ORDER SUSTAINING DEMURRER TO INDICTMENT—APPEAL
BY PEOPLE—ABSENCE OF BILL OF EXCEPTIONS.—Upon appeal by the
people from an order sustaining defendant's demurrer to an in-
dictment, which also directed the resubmission of the cause to the
next grand jury, in the absence of a bill of exceptions, there is no
proper record upon which the order sustaining the demurrer may be
reviewed, or any error therein ascertained, and the order must be
affirmed.

APPEAL from an order of the Superior Court of Santa
Clara County, sustaining defendant's demurrer to an in-
dictment.

The facts are stated in the opinion of the court.

James H. Campbell, District Attorney, for Appellant.

Nicholas Bowden, for Respondent.

HALL, J.—This is an appeal from an order sustaining de-
fendant's demurrer to the indictment.  The order also di-
rects that the case be submitted to the next grand jury.

The transcript on appeal contains no bill of exceptions, but
consists of: 1. The indictment; 2. Demurrer of defendant to
indictment; 3. Minute order allowing demurrer; 4. Notice of
appeal; 5. Certificate of clerk of trial court.

It is objected by respondent that without a bill of excep-
tions there is no proper record before this court, and in sup-
port of this contention cites us to *People* v. *Long,* 121 Cal.
494, [53 Pac. 1097], which was an appeal, without a bill of
exceptions, from an order sustaining a demurrer to an indict-
ment, and ordering the case submitted to the grand jury.
It was there held that without a bill of exceptions no review
of the action of the court in sustaining a demurrer to the in-
dictment could be had upon an appeal by the people from the
order sustaining the demurrer.  The procedure followed in

this case is identical with that of the Long case, and the doctrine laid down in the latter case governs this case.   There being no legal record before us from which we can determine whether the court erred, the order appealed from is affirmed.

Cooper, J., and Harrison, P. J., concurred.