[Crim. No. 58.   Second Appellate District.—August 23, 1907.]

# THE PEOPLE, Respondent, v. C. F. McPHERSON, Appellant.

CRIMINAL LAW—SUFFICIENCY OF INFORMATION—REVIEW UPON APPEAL—BILL OF EXCEPTIONS.—A bill of exceptions is only required where the state appeals from an order sustaining a demurrer to the information. An appeal by the defendant from the judgment alone, without a bill of exceptions, brings up the judgment-roll in review of the action, and presents for review an order overruling a demurrer for insufficiency of the information, and any intermediate order affecting the judgment.

ID.—FORGERY—INFORMATION STATING ESSENTIALS OF CRIME.—An information for forgery, which charges all of the essential ingredients of that crime, including the false making of the instrument, the intent to defraud, and, if genuine, that the writing might injure another, is sufficient.

ID.—VALIDITY OF INSTRUMENT—FACTS ALIUNDE.—If the instrument is valid on its face, it is not necessary that the information should allege facts *aliunde* to show in what manner the person alleged to have been injured could have been affected by. the forgery, nor to show that he owned the property that would be affected thereby.

ID.—FORGERY OF DEED—UNCERTAIN NATURE—OWNERSHIP OF PROPERTY—INFORMATION NOT DEFECTIVE.—Where the forgery of a deed is charged, the information is not defective, because it cannot be determined therefrom whether the charge is of forging a fictitious deed, or of signing the name of another person to the deed. Nor need it be alleged that such person was the owner of the property described at the time of the forgery. This was mere matter of evidence.

ID.—STATUTE OF LIMITATIONS—ANTEDATED DEED—DATE OF OFFENSE.—The fact that the defendant antedated the deed as of a date beyond the statute of limitations does not make the statute of limitation applicable as of that date. The statute begins to run only from the actual date of the forgery. For the purpose of the sufficiency of the information, the date of the alleged commission of the offense can alone be considered.

ID.—EVIDENCE—PROCURING RETURN OF DEED—DISTINCT OFFENSE—FALSE IMPERSONATION.—Evidence was admissible to show that the defendant procured the return to himself of the forged deed under the name of another person. The fact that it tended also to

show that he was guilty of another crime, that of impersonating another, did not affect its admissibility.

ID.—DISCRETION OF COURT—REOPENING CASE OF PROSECUTION FOR FURTHER EVIDENCE.—The reopening of the case of the prosecution for further evidence, after the close thereof, was within the discretion of the court, which will not be disturbed, when no abuse of discretion appears.

ID.—EXPERT EVIDENCE—POLICE DETECTIVE—INSTRUCTION PROPERLY REFUSED—UNPROVED ASSUMPTIONS.—Where the testimony for the prosecution included that of an expert and a police detective, and the defendant requested no instruction embodying the law of evidence applicable to expert and detective testimony, instructions requested by him assuming without proof that the testimony of each was paid for, and that each was an interested and ''hired witness,'' were properly refused.

ID.—IMPRISONMENT OF DEFENDANT—FAILURE OF GRAND JURY TO ACT—POINT NOT SHOWN IN RECORD.—An oral argument by counsel for the defendant appealing that the grand jury had failed to indict or to inquire into the case while the defendant was in jail under the charge made against him, as required by section 923 of the Penal Code, cannot be considered where it has no support in the record upon appeal.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. B. N. Smith, Judge.

The facts are stated in the opinion of the court.

Wallace W. Wideman, Benjamin P. Welch, and J. C. Crouch, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

TAGGART, J.—Appeal from a judgment upon conviction of forgery, and from an order of the trial court denying defendant's motion for a new trial.

The information is attacked by demurrer and the same objections are urged upon motion in arrest of judgment. The other errors assigned by appellant, and upon which he bases his appeal from the order denying his motion for a new trial, are: (1) The introduction of evidence tending to show that the defendant had committed another and different crime;

(2) the reopening of the case to permit the prosecution to introduce additional evidence after the people had rested and the defendant moved to dismiss the action; and (3) the refusal of the court to give certain instructions requested by defendant.

The attorney general objects to the consideration of the ruling of the court on the demurrer to the information, because no bill of exceptions appears in the record preserving the exceptions to the ruling and identifying the papers used upon the hearing. This objection is based upon the decision of the supreme court in *People* v. *Long,* 121 Cal. 494, [53 Pac. 1097], subsequently followed by the appellate court in two cases. (*People* v. *Druffel,* 3 Cal. App. 731, [86 Pac. 907], and *People* v. *McPherson,* (3 Cal. App. xiii), [86 Pac. 907].) These were all appeals by the people from orders sustaining demurrers to indictments. In such cases, as said in the opinion in the leading case, there is no provision for a judgment-roll or record of any kind, and, if the matter be heard by an appellate court at all, it must be upon a bill of exceptions under sections 1172 and 1174 of the Penal Code.

When a judgment is rendered against a defendant upon conviction the clerk of the trial court is required (within five days) to "annex together and file the following papers, which constitute a *record of the action:* (1) The indictment or information, and a copy of the minutes of the plea or demurrer; (2) A copy of the minutes of the trial; (3) The written instructions given, modified, or refused, with the indorsements thereon, and the certified transcript of the charge of the court; and (4) A copy of the judgment." (Pen. Code, sec. 1207.) An appeal being taken, the clerk must transmit to the appellate court, among other matters, the foregoing record. (Pen. Code, sec. 1246.) The appeal from the judgment alone without a bill of exceptions brings up the judgment-roll (called in section 1207 "a record of the action") and presents for review the sufficiency of the information, any errors disclosed in the minutes, and the propriety of the instructions given and refused. (*People* v. *Clark,* 121 Cal. 634, [54 Pac. 147].)

"Upon an appeal taken by the defendant from a judgment, the court may review any intermediate order or ruling involving the merits, or which may have affected the judgment." (Pen. Code, sec. 1269.)

We have before us in the transcript, among the papers properly transmitted by the clerk, the information, and the minutes of the demurrer. These show the ruling of the court and defendant's exception to the ruling upon the information. It is apparent from an examination of these that the information is sufficient. The essential ingredients of the crime of forgery are: A false making of some instrument; a fraudulent intent; and, if genuine, that the writing might injure another. (*People* v. *Frank*, 28 Cal. 514; *Ex parte Finley*, 66 Cal. 263, [5 Pac. 222].) Whatever the character of the writing, the true test is, the intent to defraud. (*People* v. *Munroe*, 100 Cal. 664, [38 Am. St. Rep. 323, 35 Pac. 326].) If the forged instrument be valid on its face, it is not necessary to allege matters *aliunde* to show in what manner the person alleged to have been injured would be affected by the forgery, nor show that he owned property that would be affected thereby. (*People* v. *Todd*, 77 Cal. 464, [19 Pac. 883]; *People* v. *Bibby*, 91 Cal. 474, [27 Pac. 781]; *People* v. *Leonard*, 103 Cal. 203, [37 Pac. 222].)

The information is not defective because it cannot be determined therefrom whether the charge is for forging a fictitious deed or signing the name of James Wallace to the deed. The information is to be considered with reference to the provisions of section 470 of the Penal Code, and not section 476. It is not necessary to allege that James Wallace was the owner of the property described in the deed at the time of the alleged forgery. This was a mere matter of evidence.

Equally untenable is the position taken by appellant upon the oral presentation of the case. The crime is alleged by the information to have been committed on or about the seventh day of June, 1906. The instrument said to have been forged is set out in the information *in extenso* and bears date of March 18, 1889. It is urged that the prosecution is barred by the statute of limitations, because the information was not filed within three years after the date of the deed. In other words, the contention is made that by judiciously dating the forged instrument more than three years prior to its utterance the forger may protect himself from prosecution for the crime. To state the proposition is sufficient reason for refusing to adopt it. For the purpose of testing the sufficiency of the information the date of the alleged commission

of the offense (June 7, 1906) alone can be considered, and the date of the forged instrument is immaterial.

The evidence of the witness Green introduced to show that the defendant procured the return to him of the forged deed under the name of Ben M. Bell was properly admitted. That it tended also to show that he was guilty of another crime, that of impersonating another, did not affect its admissibility. (*People* v. *Sanders,* 114 Cal. 216, 230, [46 Pac. 153]; *People* v. *Ebanks,* 117 Cal. 652, [49 Pac. 1049].)

The reopening of the case for further evidence was within the discretion of the trial court, and the record here discloses no abuse of that discretion. This has been held to be the rule even after the defendant has closed his case. (*Cousins* v. *Partridge,* 79 Cal. 228, [21 Pac. 745]; *People* v. *Lewis,* 124 Cal. 551, [57 Pac. 470].)

The testimony for the prosecution included that of an expert on handwriting, and that of a police detective. The court gave the usual general instruction as to how the credibility of a witness is to be determined, to wit: "By his character and conduct, his manner on the stand, his relation to the controversy and to the parties, if any, his hopes or his fears, his bias or impartiality, the reasonableness or unreasonableness of the statement he makes, the strength or weakness of his recollection, viewed in the light of all the other testimony and facts and circumstances in proof in the case." No special instructions were given in relation to expert or detective testimony. Six instructions along this line were requested by defendant, but were refused. Most of these were framed upon the theory that the testimony showed, or tended to show, that the expert had been paid. The only testimony bearing upon this question appears in the cross-examination of the witness Lackey, the handwriting expert, who testified that he had no contract to be paid for testifying in the case, but expected to be paid for it; that no price was set; he didn't know what his bill would be; and hadn't given the matter any consideration. There is no direct evidence in the record that he expected anything more than his witness fee.

Had the court been requested to give the jury properly framed instructions embodying the law of evidence applicable to expert and detective testimony it would have been its duty to do so, notwithstanding it had given a general instruction relative to the consideration of the bias, interest, and im-

partiality of the witnesses and their relations to the parties, and controversy, but we do not think any error was committed by refusing to give the instructions the refusal of which is assigned as error by appellant.

Instruction "No. Two" assumes that it was shown that the expert had been "paid for his evidence"; "No. Third," that he had been paid for his services in addition to the legal fees allowed ordinary witnesses; and "No. Four" contains the same assumption; "No. Fifth" deals with a "hired witness" in general; "No. Sixth" with "persons interested in or employed to find evidence against the accused"; and "Charge 7" instructs the jury to apply the same rules above stated to the testimony of detectives. Without any evidence whatever to indicate that the police detective was in any manner a "hired witness," the court is asked to apply the same rules to him.

For the court to assume for the purpose of instructing the jury that because a person who acted as an expert testified that he expected to be paid for testifying, that the pay spoken of must of necessity be other than his ordinary witness fees, would, in the absence of evidence to this effect, be unwarranted and improper. So it would also be improper to characterize such a person to the jury as a "hired witness." There was no evidence that either the expert or the detective, or anyone else, was employed to find evidence against the accused in this case. That the detective received a regular compensation for discharging his duties as a public officer might be assumed, and in so far as he aided in securing the evidence upon which the conviction rested he was employed to find evidence, but instruction "No. Sixth" was not framed on that theory. Charge 7 is too vague and indefinite and must stand or fall with the foregoing instructions, which were properly refused.

On the oral presentation of this case it was urged in support of the appeal that the defendant was imprisoned in the jail of Los Angeles county upon this charge and not indicted at the time the grand jury of the county were in session, and that body failed to inquire into the case as provided by section 923 of the Penal Code. The transcript contains no reference to this matter, and we cannot accept the oral statement of facts by counsel in argument, in lieu of the printed or written record required by the rules of this court. If it were a matter

that might be considered upon a proper record, it is not before us now.

We find no prejudicial error in the record, and the judgment and order are affirmed.

Allen, P. J., and Shaw, J., concur.