[Crim. No. 93.   Third Appellate District.—August 23, 1909.]

THE PEOPLE, Appellant, v. J. J. CUSICK, Respondent.

CRIMINAL LAW—APPEAL BY PEOPLE FROM ORDER SUSTAINING DEMURRER —INSUFFICIENT RECORD.—Upon an appeal by the people from an order sustaining a demurrer to an information, where neither the information nor the demurrer showing the grounds thereof are incorporated in the bill of exceptions, there is no authenticated record from which it can be determined whether the court erred in its ruling on the demurrer, notwithstanding they are printed in the transcript.

ID.—STATUTORY MODE OF REVIEW—BILL OF EXCEPTIONS.—The only mode provided for a record upon appeal from an order sustaining a demurrer to an information is by a bill of exceptions, as provided in sections 1172 and 1174 of the Penal Code.

APPEAL from a judgment of the Superior Court of Yuba County. Eugene F. McDaniel, Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney General, F. H. Creely, District Attorney of Yuba County, and J. Charles Jones, for Appellant.

Waldo S. Johnson, and W. H. Carlin, for Respondent.

HART, J.—The defendant was informed against by the
district attorney of Yuba county for the crime of criminal
libel alleged to have been committed upon one W. C. Wilkins.
A demurrer upon the ground that the facts stated in the
information do not constitute a public offense and that said
information "does not substantially or at all conform to the
requirements of sections 950, 951 and 952 of the Penal Code"
was sustained by the trial court, and the defendant ordered
discharged and his bondsmen released.

It is from the judgment upon the demurrer that this appeal
is taken by the people.

Upon the oral argument of the cause before this court, the
point was made for the first time that, as the bill of excep-
tions does not contain the information and the grounds of
the demurrer, the ruling of the court below cannot be re-
viewed.

The transcript contains the information, the demurrer,
minutes of the arraignment and a purported bill of excep-
tions which, as respondent declares, does not embrace either
the information or the demurrer or the grounds thereof. We
are therefore without any properly authenticated record from
which we can determine whether the court erred in its ruling
on the demurrer.

This case is substantially similar in all respects to the
cases of *People* v. *Long,* 121 Cal. 494, [53 Pac. 1097], and
*People* v. *Druffel,* 3 Cal. App. 731, [86 Pac. 907]. In the
former case the supreme court says: "Sections 1172 and 1174
of the Penal Code provide for exceptions and for a bill of
exceptions to this very ruling. It may well be held that these
provisions are exclusive of any other mode of obtaining a
review, even when there is a judgment-roll. But however
that may be, there can be no possible doubt about it in a case
like this, where there is no other mode provided for a record
upon appeal."

The attorney general undertakes to differentiate the pres-
ent case from those we have cited; but we fail to perceive any
ground for any distinction between them. In both this case
and the cases referred to the appeals are by the people from
the order or judgment sustaining the demurrers. The only
distinction between the cases, which is no distinction at all so
far as the question here is concerned, is that in the cases cited

the accusatory pleadings were indictments, and the trial courts, in each case, upon sustaining the demurrer, ordered a resubmission of the case to another grand jury, while here the pleading is an information and the defendant was ordered discharged upon the allowance of the demurrer.

There being no legal record before us from which it can be ascertained whether the order or judgment sustaining the demurrer was erroneous, the judgment appealed from must be affirmed, and it is so ordered.

Chipman, P. J., and Burnett, J., concurred.