[Crim. No. 170. First Appellate District.—September 17, 1909.]

## THE PEOPLE, Appellant, v. A. J. KNOBLOCK and A. B. GROSSMAN, Respondents.

CRIMINAL LAW—ORDER SUSTAINING DEMURRER TO INDICTMENT—APPEAL — BILL OF EXCEPTIONS — LAWFUL SETTLEMENT ESSENTIAL.—The only way in which an order sustaining a demurrer to an indictment can be reviewed upon appeal by the people is upon a bill of exceptions lawfully settled by a judge authorized to settle the same; and in the absence of a bill of exceptions so settled, the order must be affirmed for want of any legal record from which it can be determined whether or not the court erred in its ruling.

ID.—UNAUTHORIZED SETTLEMENT BY NEW JUDGE.—The statute does not authorize the settlement of a bill of exceptions by the successor of the judge who passed upon the demurrer to the indictment; and such bill settled by a judge who was not in office at that time is without authority, and cannot be considered upon appeal.

ID.—JUDICIAL NOTICE OF ACCESSION OF JUDGE TO OFFICE AND SIGNATURE TO BILL OF EXCEPTIONS.—This court is required, under

section 1875 of the Code of Civil Procedure, to take judicial notice of the accession of a superior judge to office and of his signature to the bill of exceptions, and that his accession was subsequent to the order sustaining the demurrer to the indictment.

ID.—AUTHORITY OF JUDGE TO SETTLE BILL AFTER TERM—PROOF IN APPELLATE COURT.—The superior judge who passed upon the demurrer to the indictment is authorized to settle the bill of exceptions after the close of his term; but if he declines to settle it, the bill of exceptions may be proved in this court and then filed in the superior court as the authorized bill of exceptions.

APPEAL from an order of the Superior Court of the City and County of San Francisco, sustaining a demurrer to an indictment.   Carroll Cook, Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney General, and J. Charles Jones, for Appellant.

Hiram W. Johnson, for Respondents.

HALL, J.—This is an appeal by the people from an order and judgment sustaining the demurrers of defendants to an indictment for obtaining money by false pretenses.

The transcript filed in this court contains what purports to be the judgment-roll and a bill of exceptions, settled on the twenty-first day of January, 1909, by George W. Cabaniss, judge of the superior court.

Respondents make the point that the transcript contains no legal record, and for this reason ask that the order and judgment be affirmed.

It is insisted that the only way in which a review of the action of the trial court in sustaining a demurrer in a criminal case can be had is upon a bill of exceptions.   This is the rule laid down in *People* v. *Long*, 121 Cal. 494, [53 Pac. 1097], and which this court is obliged to follow.   (*People* v. *Druffel*, 3 Cal. App. 731, [86 Pac. 907].)

It is next urged that the purported bill of exceptions set forth in the transcript appears to have been settled by a judge other than the judge who made the ruling now sought to be reviewed, and for that reason cannot be considered.

Before taking up the discussion of the law as to who must settle the bill of exceptions, appellant urges that the record does not disclose that the order sustaining the demurrer was made by one judge and the bill of exceptions settled by another. Upon this point the purported bill of exceptions shows that the demurrers came on to be heard before the Honorable Carroll Cook, as judge of the superior court, and were denied and overruled on the twenty-second day of August, 1908. That thereafter the court set this order aside, and the demurrers were reargued, and the matter was continued from day to day by the court until the second day of January, 1909, when the court entered an order sustaining the demurrers of said defendants. While the record does not state that Judge Cook was presiding when this order was entered, we know that Judge George W. Cabaniss, who settled the bill of .exceptions, could not have presided at that time, for he did not take office until the first Monday in January of the present year, which was January 4th. We are obliged to take notice of "the accession to office and the official signatures and seals of office of the principal officers of government in the legislative, executive and judicial departments of this state and of the United States." (Code Civ. Proc., sec. 1875.)

That a superior judge is a principal officer of the judicial department of this state cannot, we think, be doubted, and as such the accession to office as well as the official signature of such superior judge must be taken judicial notice of by all the courts of this state. We thus have judicial knowledge of the fact that the judge whose official signature is attached to the order settling the bill of exceptions, January 21, 1909, was not a judge of any superior court on the second day of January, 1909, when the order sought to be reviewed in this proceeding was made and entered.

There is no provision in the law authorizing the successor in office of the trial judge to settle a bill of exceptions in a criminal case as to rulings made by the trial judge. Section 1174 of the Penal Code requires such bill of exceptions to be settled by the trial judge, or if he refuses to settle the bill of exceptions according to the facts the party seeking the settlement may apply to the supreme court to prove the same, "and the bill when proven must be certified by the chief jus-

tice as correct, and filed with the clerk of the court in which the action was tried, and when so filed it has the same force and effect as if settled by the judge who tried the case. If the judge who presided at the trial ceases to hold office before the bill is tendered or settled, he may nevertheless settle such bill, or the party may, as provided in this section, apply to the Supreme Court to prove the same.''

The provisions of the statute were not followed in this case. The bill of exceptions was settled by a judge who had no power so to do.

It may well be said that the method of proving the bill of exceptions before the appellate tribunal is inconvenient and cumbersome, and that a wiser and more convenient method could be devised. The legislature seems to have recognized this in providing for the settlement of bills of exceptions in civil actions. For while the provisions of the Code of Civil Procedure (sections 652 and 653), as originally enacted in 1872, were substantially identical with section 1174 of the Penal Code, the legislature in the session of 1875-76 amended the law, [Stats. 1875-76, p. 93], so that in such cases as the present bills of exceptions in civil cases may be settled in such manner as the supreme court in its rules may provide. The propriety, however, of making the procedure in criminal cases correspond to the procedure in civil cases is for the legislature and not for the courts.

In this case, as the bill of exceptions was not settled by an officer with power so to do, it cannot be considered by this court. We are therefore obliged to affirm the order and judgment appealed from for want of any legal record from which we can determine whether or not the court erred in its ruling. (*People* v. *Long*, 121 Cal. 494, [53 Pac. 1097].)

The order and judgment are affirmed.

Cooper, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 15, 1909.