[Civ. No. 2329.   Fourth Appellate District.—June 16, 1939.]

CLAUDE L. CHAMBERS, Appellant, v. JOHN M. ASH-LEY, as City Clerk, etc., et al., Respondents.

Charles C. Crouch for Appellant.

D. L. Ault, City Attorney, H. B. Daniel, Assistant City Attorney, Hervey & Holt and Wright, Monroe, Harden and Thomas for Respondents.

MARKS, J.—This is a motion to dismiss this appeal from a judgment entered in favor of respondents. The motion is made on the grounds (1) that the question to be decided is moot, and (2) that *mandamus* is not the proper remedy in this proceeding to determine necessary qualifications for office.

On March 14, 1939, petitioner filed his petition with the county clerk of San Diego County asking for a writ of mandate requiring respondent John M. Ashley, as city clerk of the city of San Diego, to refrain from putting the name of the Honorable Clarence F. Terry, a candidate for municipal judge to succeed himself, on the ballot to be used in the city primary election to be held on March 28, 1939. An order to show cause was issued returnable on March 18, 1939. On that day petitioner filed an amendment to the prayer of his petition and prayed that the name of Judge Terry be omitted from the ballot to be used in the final city election.

Respondents filed a demurrer and an answer. The demurrer was sustained, the order to show cause was dismissed, and judgment was entered for respondents.

We may take judicial notice of the public records of the city of San Diego pertaining to the election of a municipal judge. (Sec. 1875, Code Civ. Proc.; *People* v. *Knoblock*, 11 Cal. App. 333 [104 Pac. 1012]; *Sheehan* v. *Vedder*, 108 Cal. App. 419 [292 Pac. 175]; *Wood* v. *Kennedy*, 117 Cal. App. 53 [3 Pac. (2d) 366].)

The city primary election was held on March 28, 1939. Judge Terry was one of the successful candidates who was nominated. The city election at which he was elected to the office of municipal judge of the city of San Diego was held on April 25, 1939. A certificate of election was issued to him on May 2, 1939, and he qualified for the office which he is now filling. It is obvious that no writ could be issued now that would keep the name of Judge Terry off the city primary or the city election ballots. Those elections have long since passed and Judge Terry's name appeared on those ballots. The petition in this proceeding has no other purpose than to keep his name from appearing on those ballots. The question thus presented is moot and no court can grant the relief sought. There is nothing which we can decide here.

Petitioner urges that as respondents were given judgment in the trial court for their costs, the propriety of that portion

of the judgment remains for consideration and is not moot. It is argued that this is sufficient ground for our denial of the motion to dismiss the appeal. He cites *Cohen* v. *Gray,* 54 Cal. 595, in support of this contention.

This argument fails to impress us. If the judgment should be reversed the case would be returned to the superior court for trial. The relief sought could not be granted there as the elections are over and Judge Terry's name appeared on the ballots used in both of them. Nothing can change that fact and the question presented in the petition would be as moot in the superior court as it is here. As petitioner could not have judgment he could not recover costs. A reversal of the judgment would be a useless act and would only increase the court costs which petitioner would be required to pay instead of relieving him from the present judgment against him for costs.

Our conclusion that the question presented on this appeal is moot makes it unnecessary for us to consider the second ground for the dismissal of the appeal.

The appeal is dismissed.

Barnard, P. J., concurred.